## SELBY vs. PLATTS and another.

JUSTICE'S COURT — JURISDICTION. Where an action was commenced before a justice by attachment, but the writ had not been returned at the time fixed for the return of the process, and the defendant did not appear: *Held*, that in the absence of such return or appearance, the justice had no authority to proceed; that a judgment without such return or appearance was void, and that the acts of the justice in rendering it, and of all others aiding in enforcing it, were wrongful.

(3 Chand., 183.)

ERROR to the County Court for *Marquette* County

An action by attachment was commenced by the defendant *Bowen*, before the defendant *Platts*, a justice of the peace of Marquette county, against *Selby*. The writ of attachment, issued by *Platts* as such justice, was not returned by the officer to whom it was delivered at the time it was made returnable. But the justice, *Platts*, notwithstanding, assumed jurisdiction, though the defendant in the suit did not appear, and proceeded to hear the cause and rendered judgment against the defendant therein, *Selby*, and issued execution on the judgment, by virtue of which the property of *Selby* was seized and sold.

He then instituted this action on the case in the county court for Marquette county for the taking of his property, against *Platts*, the justice, and *Bowen*, the plaintiff in the proceedings before him. The defendant pleaded the general issue, and *Platts*, the justice, gave notice that he would prove that he acted judicially in the premises and in good faith. At the

trial of the action in the county court, it was proved that the writ of attachment issued by the justice had not been returned to the justice who issued it at the time of the rendition of the judgment by him.

The county court held that the action could not be maintained upon these facts, and judgment passed against the plaintiff *Selby* for $18.08 costs; and he brought this writ of error.

*M. W. Seeley*, for plaintiff in error, contended that jurisdiction of the defendant is acquired by the return of service duly and properly served, and that the justice had no jurisdiction unless the defendant appeared and voluntarily joined issue; that in the absence of one or the other of these conditions the justice had no jurisdiction of the person, and could not render a valid judgment against him. More particularly is this true in attachment cases, where a stringent and summary proceeding is resorted to. 1 Cow. Tr., 555; 14 Johns., 481; 3 Wend., 202; R. S., 449, 459.

*Collins, Smith & Tappan*, for defendants in error.

KNOWLTON, J. This was an action of trover, brought in a justice's court by the plaintiff in error against the defendants in error, for taking a horse of the plaintiff, of the value of seventy-five dollars, as alleged in the declaration. The defendants pleaded the general issue, and gave notice of justification as to the defendant *Platts*, on the ground that he acted in good faith in his official capacity of justice of the peace. After judgment in the justice's court, the cause was removed by appeal to the county court of Marquette county, and on the trial in the latter court, the plaintiff proved the taking of the horse by one Calvin J. Hall, by direction of the defendants, and after making a case, rested. The defendants introduced the papers in an attachment proceeding, commenced before the defendant *Platts*, who was a justice of the peace of the county of Marquette, by the defendant *Bowen ;* also, the docket of what

purported to be a judgment and the execution by virtue of which the property was taken.   It appears that the defendant *Bowen*, the plaintiff in the attachment suit, appeared on the return day mentioned in the writ of attachment, but that the defendant, the plaintiff in error, made no appearance.   That the justice *Platts*, rendered judgment in favor of the plaintiff *Bowen*, on the same day, for the sum of twenty-three dollars damages, and eighty-six cents costs.   It also appeared that at the time this judgment was rendered, the writ of attachment had not been returned.   The execution was issued on this judgment on the 19th of Feb., 1850, and was returned March 21, following, indorsed "one horse sold for forty dollars."   The county judge decided that the judgment thus given in evidence was a justification for the defendant *Platts*, in issuing the said execution by virtue of which the property of the plaintiff in this case was taken.   That *Platts* was not liable as a trespasser, for property taken by virtue of said execution issued on said judgment, because it did not appear from the whole evidence that the acts of the justice were a willful abuse of power, nor that his actions proceeded from corrupt or improper motives; and the court further decided, that the evidence on the part of the defendants was sufficient to bar the action of the plaintiff; to which decision the plaintiff, by his his counsel, excepted, and judgment was rendered by the court against the plaintiff, for the sum of eighteen dollars and eight cents, costs of suit.

The validity of this judgment depends upon the fact whether the judgment rendered by the defendant *Platts*, was void or not.   If it was void, and not merely erroneous or voidable, then it was no defense, either to the justice who rendered it, or to the party in whose favor it was rendered; and if void, both would be liable as trespassers, to the extent of the value of the property taken and sold by virtue of an execution issued thereon.   This principle is so well settled that it is unnecessary to cite authorities to support it.

The county court, it seems, entertained the opinion that the justice, *Platts*, was not amenable in law, in this case, unless he acted in the premises from corrupt motives. In this he was entirely mistaken. If his action had its foundation in corruption, that might have been very proper, perhaps, to consider upon an indictment. Yet if all that he did was within the power vested in him, or in other words, if he kept strictly within his jurisdiction, as to place, subject matter, and the person of the defendant, he would not have been liable as a trespasser.

But every justice of the peace, assuming to act in a judicial capacity, must have jurisdiction of the action, the subject matter, and the person against whom he assumes to render judgment, and he must exercise that jurisdiction within the territorial limits prescribed by law. No well founded doubt can be entertained of this proposition. It is firmly established by adjudicated cases. A justice of the peace gets jurisdiction over the person of the defendant by the service of process in the manner prescribed by law, when that mode is authorized and pursued. But he must have before him the proper evidence of the fact of service before he can proceed to the rendition of a judgment that will have any binding efficacy against such defendant. Now, what is such evidence? Obviously the return of the ministerial officer upon the writ that he has served, according to law; or by the voluntary appearance of the person before the justice, to defend the cause of action. Either of these is a complete authority for him to proceed to judgment, as to the person, even though the return of the writ was absolutely false. This is the only rule that can be laid down, so as to accord with sound policy in the administration of justice. It appears in this case, that the writ of attachment had had not been returned to the justice at the time he rendered judgment against the plaintiff in error. He, therefore, had not the evidence required by law, that the defendant in that action, had been served with the process. It follows, from the princi-

ples above laid down, that he was amenable to the plaintiff in error, as a trespasser, for the property sold on the execution, issued by him on that judgment, it being *coram non judice*, and absolutely void.   *Bowen*, the other defendant, being plaintiff in the execution, and he not having a valid judgment, which he was bound to see that he had, as a basis for the execution, and ordering the taking of the horse in question, was jointly liable in trespass with his codefendant.   And as a party may always bring trover when he could maintain trespass *de bonis asportatis*, the action was properly brought.   The judgment of the county court was clearly erroneous, and must be reversed, and the cause remanded and a *venire de novo* awarded.

Ordered accordingly.