NELSON F. ROBERTS, Plaintiff in Error,

*vs.*

Z. & J. H. WARREN, Defendants in Error.

CERTIORARI TO A JUSTICE OF THE PEACE OF GREEN COUNTY.

By the 5th subdivision of section 11, of chapter 88, of the Revised Statutes, the justice of the peace is required to enter in his docket every adjournment, stating at whose request, *and to what time and place.*

By the several provisions of the statute, it is necessary that a particular hour of the day shall be designated for the appearance of the parties, as well upon adjournments, as upon the day mentioned in the summons, as also for the attendance of witnesses and jurors, whether upon the return day of the writ or upon an adjourned .day.

It is necessary that the justice designate the place where parties, witnesses and jurors are to appear, both by the writ requiring their appearance, and by the entry of adjournment, when and where they are required to attend.

The place may be designated by the "office" of the justice, if he keep an office; if he keep no office, his place of residence may be regarded as his "office;" if he have no fixed residence as that of a house-holder, the place must be sufficiently designated.

When the defendant asks for an adjournment without first requiring the issue to be made-up, he will not be permitted afterwards to object to such adjournment as error, on the ground that the issue was not complete, but will be deemed to have waived his rights in that behalf. It is better, however, that in all cases, issue be joined before adjournment, unless it be expressly waived.

The issue before a justice need not be framed with technical precision; but the plaintiff may and should be required, either to declare in writing, or to make a brief verbal statement of his cause of action, and such statement should be entered on the docket.

When suit is brought before a justice, on a promissory note, which the plaintiff files with the justice, and declares that to be his cause of action, it is sufficient.

In case the defendant does not appear before the justice on the trial day, the the justice may proceed to hear the cause, but in all cases he must require proof of the plaintiff's cause of action. He cannot render judgment for any amount of damages upon the mere default of the defendant.

The introduction of such written instruments as by the statute are made evidence, unless the signature is denied by affidavit, like a promissory note, may be sufficient, but when any other fact except what is proved by the instrument is essential to sustain the action, it should be required, though the defendant does not appear: such as an account, a bond the breach of which is the cause of action, &c.

But upon a mere promissory note not denied by affidavit, the justice may himself compute the amount.

The facts in this case are fully set forth in the

opinion of the court.

*D. Noggle*, for the plaintiff in error.

*Collins, Smith & Keyes*, for the defendant in error.

*By the Court*, SMITH, J. This was a common law certiorari, issued to John Porter, Esq., a justice of the peace for Green county. From the return of the justice it appears that the suit was commenced by summons before Edward Hill, another justice. On the return day, July 6, 1853, the parties appeared when the defendant applied for, and obtained a change of venue, to the said Porter. The parties appeared on the same day before justice Porter, when the plaintiffs filed a promissory note made by the defendant for twenty dollars, payable six months after date, with interest, to Dina Parslow or bearer, dated May 31, 1852. The defendant applied for an adjournment for ninety days, on the ground of the absence of material witnesses. The justice granted the application, and adjourned the cause until the 4th day of October, 1853, without naming any hour or place, and without any issue having been joined. On the 4th day of October, at three o'clock, P. M., one of the plaintiffs appeared before the justice, but the defendant did not appear. The justice rendered a judgment against the defendant by default for the sum of $21.81 damages and $2.47 costs. On the 18th of October execution was issued, returned and renewed from time to time until further proceedings were stayed by the operation of this writ of certiorari.

Several errors are assigned as apparent upon the record of the justice returned, but the one decisive of

the case is, that the justice adjourned the cause from the 6th day of July until the 4th day of October, without specifying the hour and place.

There are several provisions of the Revised Statutes which bear upon the question involved in this assignment of error, a construction of which may essentially aid justices of the peace in their administration. The 5th subdivision of section 11, of chapter 88 of the Revised Statutes, provides that the justice shall enter in his docket which he is required to keep, (among other things prescribed,) "every adjournment, stating at whose request, and to what time and place." The 16th section of the same act provides that the writ shall command the officer to "summon the defendant to appear before such justice *at the time and place* expressed in such summons, &c." Section 31 gives the forms of process, in all of which, whose object it is to bring the defendant or party into court, blanks are left for the designation of the time and place, noting particularly the hour of the day at which the appearance of the party is required. Section 41 of the same chapter provides that "upon the return of a process duly served, the justice shall wait *one hour* after the time specified in such writ for the appearance of the parties, unless they sooner appear."

These several provisions, and others to which it is not necessary to refer in detail, most clearly indicate the intention of the legislature by whom the statute was enacted. It was that a particular hour of a day certain should be fixed for the parties to appear, not only upon the return day of the summons, but from time to time as the course of proceeding shall render their attendance necessary. In the course of proceed-

ings in courts of record, parts of a day are not gene-

rally observed. But the rule in courts of justices of the peace is different. These are neighborhood tribunals, established for the conservation of the public peace, and latterly for the trial and adjustment of small matters of difference. They are held frequently, if not generally, at the residence of the magistrate, are frequently disposed of in a summary manner, and in a short time. If the whole day were allowed for the appearance of parties, or for the attendance of witnesses, it would be difficult to find an hour in any day which would suit the convenience of all. Hence the statute requires that the hour of appearance or of trial shall be designated. Otherwise one party might appear at one hour, another at another, and great confusion and injustice would characterize proceedings in the courts of justices of the peace. The necessity of fixing the time and place of adjournment, is even more imperative than for the return of the summons ; for upon the adjourned day, witnesses or jurors, or both, are required to be in attendance Here no hour was mentioned to which the cause stood adjourned. The plaintiff ought not to be permited to appear at any hour of the day and demand judgment in case the defendant chanced to be absent. But the statute is sufficiently plain, and it must be followed. In regard to the *place*, it would seem from a careful examination of the statute, that it may be designated at the "office" of the justice. If the justice kept no place or room as his office, his place of residence would be deemed such.

Again, it is urged that the justice erred in granting the adjournment before issue was joined. The application was made, however, by the defendant

himself, and perhaps it may be fairly intended that the forming of the issue previous to adjournment was waived. It is better, however, that in all such cases the issue be made up previous to adjournment, unless it be expressly waived. But we are by no means disposed to hold that the defendant should be permitted to allege this for error under the circumstances of this case. The issue is not required to be made with technical precision. The plaintiff may, and should be required, either to declare in writing, or to make a " brief verbal statement of his cause of action, and the defendant of his defence, and these statements should be entered on the docket of the justice." In this case the plaintiff filed a promissory note, and had he stated that that was his cause of action, or that he declared upon the note filed, it would have been sufficient. The defendant did not formally plead, as he should have done, but he applied for an adjournment for ninety days, on account of the absence of witnesses material to his defence, thereby indicating his denial of the plaintiff's cause of action, and had the parties appeared at the adjourned day and hour, and gone to trial without any further or more formal issue, the judgment would not probably have been disturbed for that cause. But it is certainly advisable that the statute shall be strictly pursued.

Again, it is urged that " the justice erred in rendering judgment by default, and without any evidence of the plaintiff's cause of action, and of their joint interest, or right to join." This objection cannot be noticed upon common law certiorari. This court will not look into the evidence to see whether it was sufficient or pertinent to the issue. But as the point is

made, and the case is determined upon other grounds, it is proper to remark, that the justice in all cases ought to require proof of the plaintiff's demand, even though the defendant does not appear. Where suit is brought upon a promissory note, or other instrument which the statute makes evidence unless the signature is denied under oath, the introduction of the instrument is itself generally sufficient, and the justice may compute the amount, but when the cause of action is book account, or any other claim not evidenced by writing and within the provisions of the statute, it is the duty of the justice to require of the plaintiff full and competent proof whether the defendant appears or not.

We have gone farther than was absolutely necessary to dispose of the case here presented, for the reason, that it is desirable that more care and greater precision should be observed by justices of the peace, in the cases falling under their jurisdiction, than the returns usually sent up by them would seem to indicate.

The judgment in this case is reversed with costs.