Hill vs. Hoover.

---

HORATIO HILL, Appellant, *vs.* JACOB A. HOOVER.

9  15
76  630

APPEAL FROM CIRCUIT COURT, MILWAUKEE COUNTY.

Heard June 23.]                    [Decided June 29, 1859.

*Orders and Decrees—Sales on Judgment—Jurisdiction— Estoppel.*

Where a defendant had procured an order confirming a sale, to be. set aside, and produced evidence tending to impeach the regularity of the sale, but the circuit court affirmed the former order of sale, from which last order the defendant took an appeal, and the order of the circuit court was here reversed, with instructions to the circuit court to receive certain evidence relating to proof of the publication of the notice of sale ; after the cause had been remanded to the circuit court, an order was made to open the sale, and new testimony adduced to impeach the regularity of the sale: Held, that this last order was erroneous, and must be reversed.

An express adjudication by the circuit court, confirmed by the supreme court, cannot be again opened.

The facts in this case are fully stated by the court.

*O. H. Waldo, Brigham & Wells,* for the appellant.

*Brown & Ogden,* for the respondent.

Hill vs. Hoover.

*By the Court*, COLE, J.  This cause has been before this court at a previous term, where the questions involved were fully considered, and a decision was given, which is reported in 5 Wis. R., 354.  The respondent, on that occasion, had appealed from an order of the circuit court refusing to vacate the order of confirmation and set aside the sale.  The grounds upon which this application was founded need not be further referred to than to say, that one of the principal reasons urged upon the consideration of the court for setting aside the sale, was surprise on the part of Hoover as to the time, manner and circumstances under which the sale took place; and for an intelligent understanding of the cause, it is proper also to add, that the circuit court did, in the first instance, set aside the order of confirmation, and permit Hoover to attack the regularity and integrity of the sale, by introducing testimony directed to that object.  This testimony is fully printed in the report of the case referred to.  Upon the hearing of the application to set aside the sale on the merits, and upon all the evidence offered, in support of, as well as to impeach the validity of the sale, the circuit court was led to the conclusion that the sale ought not to be set aside, and then proceeded in effect to confirm the same by restoring the previous order of confirmation.  The case then came to this court, and it was elaborately argued by counsel, on both sides, and all the considerations which should induce a court of equity to reverse the action of the court below and order a new sale, were forcibly pressed upon our attention.  But a majority of the court then thought no good and sufficient cause had been shown for setting aside the sale, and the order of the circuit court, refusing to set aside the sale, was affirmed.  At the same time we were of the opinion that the proof of the publication of the notice of the sale was defective in a certain particular, and that the order of confirmation had been erroneously en-

tered.    The order of confirmation was therefore reversed, and the cause sent back to have this proof supplied.    This having been done, the sale was again confirmed in the circuit court.

It now appears that at a subsequent term of the circuit court, another application was made to have the case opened and the sale set aside.    A rule or order was obtained, requiring the appellant to appear and show cause why this should not be done.    This application was founded upon the affidavits of A. Bade and of Hoover.    The affidavit of Bade discloses some new matter not before the court at the former hearing, and which, it is now insisted, authorized and warranted the circuit court in setting aside the sale.    This testimony was to the effect that the witness, Bade, attended the sale, and was prevented from bidding upon the property from certain statements then made to him by Brigham, the solicitor of Hill, to the purport that the matter had been satisfactorily arranged with Hoover, and that in consequence of these statements then made, Bade omitted to bid and protect Hoover's interest, as he otherwise would have done.    This new matter, contained in Bade's affidavit, and in the oral testimony he gave before the court on the hearing, is as fully, distinctly and unqualifiedly contradicted by Brigham, as testimony well can be.    And, although I entertain very clear notions as to the effect to be given to these conflicting statements, and the credit to which, under the circumstances, they are entitled ; still it does not become necessary, from the view we have taken of the case, to state my conclusions upon the evidence, and I therefore dismiss that subject without further comment.    This case will be disposed of upon another ground, which I will now proceed to announce.

In our opinion, the action of the circuit court in setting aside the sale and order of confirmation, theretofore entered, was erroneous and must be reversed.    The question as to

whether that sale should be set aside, had already been deliberately considered and passed upon by the court. By an express adjudication of the circuit court, affirmed by the decision of this court, it had been decided that the sale should stand. Whether, if it appeared that this new matter set forth in Bade's affidavit and oral testimony, had not come to the knowledge of Hoover until after the determination of the former hearing, would furnish a good ground for again opening the case, it is not necessary now to decide. For Bade says, that very soon after the sale, on the same afternoon it was made, he met Hoover, informed him of the sale, of his conversation with Brigham, and what the latter had said on that occasion, which prevented him from bidding upon the property. If then Brigham had prevented Bade from bidding by telling him that the matter had been satisfactorily arranged with Hoover, the latter knew it, he was informed of the nature and consequences of the falsehood, and the person by whom the untruth could be exposed. But still, he did not call upon this witness. Although having every opportunity to produce Bade's evidence, it is not brought to the attention of the circuit court until long after that court had definitely acted upon his application to set aside the sale. Why was not this testimony brought forward at the former hearing? It was known to Hoover, and the witness was at hand. Ample time was given by the circuit court for Hoover to prepare his affidavits to show that the sale should be set aside, but he chose to keep back some of his most material evidence until the matter had been finally adjudicated and the sale declared valid. Then this new matter is brought forward, the case again opened, and the court is invoked to readjudicate the cause. This application we think ought not to have been entertained. The parties had once submitted the question of the regularity and integrity of the sale to the consideration of the court, upon the evidence they thought proper to

offer. The court examined the evidence and gave that judgment, which, in its opinion, justice and equity required. If, therefore, the matter of setting aside the sale has not become by that determination, *res adjudicata*, it is not easy to perceive when the litigation should cease, and this wholesome rule apply. We therefore think that the question as to setting aside the sale must be considered as determined by the former adjudication, and that the order of the circuit court vacating the order of confirmation and setting aside the sale, should be reversed, and the former order of confirmation restored.