## BROWN VS. KELLOGG.

Unless the *hour* of the day, and also the *place*, to which a cause is adjourned by a justice of the peace, be entered upon his docket at the time of the adjournment, he loses jurisdiction of the cause; and a subsequent entry will not supply the defect, or restore jurisdiction.

CERTIORARI to a Justice of the Peace.

The case is stated by the court.

*John T. Clark*, for plaintiff in error.

*C. C. Remington*, for defendant in error:

1. The office of a common law *certiorari* is to confine inferior tribunals within their jurisdiction, to prevent their exercising powers not delegated to them, and not to correct any error they may commit in exercising the powers that are delegated. *Tallmadge v. Potter*, 12 Wis., 317. 2. Sec. 11, chap. 120, R. S., in regard to the entries to be made by a justice of the peace in his docket, is directory. At least, a failure to comply with all of its requirements would not be sufficient ground for reversing a judgment. It is claimed that the suit was adjourned without mentioning the place. It was adjourned to the same place at which it was pending when adjourned, whether that was the office of the justice or some other place. If this is not so, then the adjournment of a cause properly pending in a justice's court, at the request of one of the parties, for sufficient cause, both parties being in court, for one hour, or other proper definite time, would discontinue the suit, if the justice failed to orally announce in so many words, "*The adjournment is to this same room*," or the like. The case of *Roberts vs. Warren*, 3 Wis., 736, does not touch the question as presented here. It is unnecessary to consider the question whether the justice, in the entry he made of the adjournment in his docket, complied with the requirements of the statute or not, since there is no error assigned on such omission. The complaint is, that the *adjournment* was irregular.

*By the Court,* Dixon, C. J.   Common law *certiorari* to a jus-
tice of the peace for Sauk county.   *Kellogg* sued *Brown,* and
on the return day of the summons, which was the 26th of No-
vember, 1862; the parties appeared; and; after issue joined,
*Brown* applied for an adjournment for three months, to procure
the testimony of a material witness.   The justice granted the
application, and adjourned the cause to the 19th day of Feb-
ruary, 1863, without entering *in his docket the hour or place of
adjournment.*   The entry was in these words:  " Cause ad-
journed to the 19th day of February, 1863."   It appears from
the return that the *hour* of one o'clock, P. M., was fixed at the
time of adjournment, and on the adjourned day the words
" at 1 o'clock, P. M.," were inserted.   It does not appear that
the *place* of adjournment was ever fixed or entered.   On the
adjourned day, *Kellogg* appeared and took judgment for $10.88,
damages, and costs of suit.   *Brown* did not appear.   It is ob-
vious from this recital of facts, that the case of *Roberts v. War-
ren,* 3 Wis., 736, is decisive of the action.   The statute is the
same now as when that case arose.   R. S., ch. 120, sec. 11.   The
time, which includes the hour of the day, and the place to
which the hearing is postponed, must be entered in the docket
whenever there is an adjournment.   It is such entry, as well
as the public announcement, which constitutes the adjourn-
ment, and, unless it be made, the justice loses jurisdiction.  The
docket is a public record to which the parties and others inter-
ested may resort to obtain accurate information and to avoid
mistakes.   A subsequent entry will not, therefore, supply the
defect, or restore jurisdiction.

Judgment reversed.