## BACON VS. BASSETT and another.

In a justice's court, as in a court of record, the sheriff may be permitted, either before or after judgment, to amend his return to the summons according to the facts.

Subd. 2, sec. 11, ch. 120, R. S., which requires a justice of the peace to enter on his docket "a statement of the return of the officer," and subd. 10 which requires the costs and fees to be entered separately, *held* to be merely *directory*.

A justice of the peace is not required to enter on his docket the name of the county or town in which his court was held; that it was held at the time and place appointed in the summons; or at what hours the suit was called, and the judgment rendered. The *presumption* will be that the statute was complied with in these respects.

CERTIORARI to a Justice of the Peace in *Sauk* County.

The petition of the plaintiff in error alleges the following errors: That the docket of the justice did not contain any statement of the return of the summons by the officer who served it; nor did it show in what manner the summons was served, if at all; nor that the justice held his court at the time or place appointed in the summons; nor at what hour the suit was called or the judgment rendered; and that the justice had included in the judgment $1.47 costs, without specifying what part of said costs was due to each of the persons entitled thereto. The writ of *certiorari* was served May 21, 1864; and the return of the justice is dated May 24th. It states in substance that on the 16th of February, 1863, he issued the summons in the cause and delivered it to the sheriff, who returned it on the 23d of the same month with an indorsement certifying that he had served it on the 16th by "leaving a true copy thereof at the defendant's last and usual place of residence in said county, with Helen Bacon, defendant's wife, to whom I [he] explained its contents." The justice's return further states that on the 25th of February, at 10 o'clock A. M., at his office in the town of Baraboo, in said county (being the time and place mentioned in the summons), the suit was called, and, defendant not being there, he waited one hour, and, the defendant not appearing, the plaintiffs were allowed to proceed.

The return then states briefly the complaint, trial and judg-
ment; and that the justice then and there made certain entries
in his docket, which are set forth in full.   After the title of
the cause, they were as follows: "February 16, 1863.   Sum-
mons issued returnable February 25, 1863, at 10 o'clock, A.
M.—Summons served by the sheriff on the 16th February,
1863.   On the return day the plaintiffs appear, and the defend-
ant comes not, and the plaintiffs complain" &c. (stating the
complaint.)   "And this cause having thereupon been tried,
judgment is rendered for the plaintiffs and against the defend-
ant in the sum of $100 damages, and for $1.47 costs of suit."
The justice further returns that on the 23d of May, 1864, on
motion of the plaintiffs below, he allowed the sheriff to make
an amended return to the summons in this cause in accordance
with the real facts, and said sheriff thereupon indorsed upon
the summons a further certificate that he " was not able to find
said defendant to serve him personally, and that Helen Bacon
was a member of his family of suitable age and discretion,"
and that at the time of leaving the copy of the summons with
her, he informed her of its contents.   The justice further cer-
tifies that he thereupon, under date May 23d, 1864, made cer-
tain entries in his docket, which are recited at length, and show
the motion for an amendment of the sheriff's return, and the
amendment made as above.

   *Wm. Brown* and *N. W. Wheeler*, for plaintiff in error:

   1.   The docket should show a return of the summons.   R.
S., ch. 120, sec. 11, subd. 2; and secs. 31 and 27; 14 Johns.,
481; 7 Wis., 82; 11 id., 82.   2. It should show the manner
of service.   R. S., ch. 120, sec. 31, and sec. 11, subd. 2 and 3;
14 Johns. and 7 and 11 Wis., *supra.*   3. It should show that
the justice held his court at the time and place mentioned in
the summons.   R. S., ch. 120, sec. 16, and sec. 11, subd. 5;
*Brown v. Kellogg,* 17 Wis., 475; *Case v. Van Ness,* 1 Johns.
Cas., 243; 12 Johns., 417; 1 Cow., 112; 17 Wend., 517; 4
Mass., 520–21.   4. It should show at what hours the suit was

called and the judgment rendered. 2 Seld., 312, and authorities above cited. 5. It should show that he held his court in some town in Sauk county; and that the summons was served in that county; otherwise it does not show facts enough to give him jurisdiction. 2 Seld., 176–8; 6 Hill, 633; 1 Cow., 112; R. S., ch. 120, sec. 11, subd. 1. 6. As to the defect in the mode of entering the costs, counsel cited R. S., ch. 120, sec. 11, subd. 10; 11 Wis., 389, 392. Unless this provision of the statute is complied with, there is no judgment; and if it is not done in three days, the justice loses jurisdiction. 3 Denio, 72, 77; 5 Hill, 60, 61; 19 Wend., 371; 13 Johns., 350; 14 id., 369–70; 6 Cow., 661–4. 7. Entries made in the docket after the justice was served with the writ have nothing to do with this case.

*C. C. Remington*, for defendants in error, cited *People ex rel. Decker v. Lynde*, 8 Cow., 133; *Walrod v. Shuler*, 2 Coms., 134; *Hall v. Tuttle*, 6 Hill, 38; *Sibley v. Howard*, 3 Denio, 72; *Warner v. Hart*, 6 Wis., 464; *Moyer v. Cook*, 12 id., 335; *Brown v. Hill*, 5 Pike, 78; *Kneeland v. Cowles*, 4 Chand., 46; R. S., ch. 120, sec. 4, and ch. 125, sec. 37.

*By the Court*, DIXON C. J. The practice in courts of record of permitting sheriffs, either before or after judgment, to amend their returns of the service of process, is familiar. Under sec. 4, ch. 120, R. S., justices of the peace possess in general the same powers to allow amendments in proceedings before them as are possessed by courts of record. Hence the justice in this case was correct in permitting the sheriff to amend his return according to the facts, and so as to show that the summons was properly served according to the requirements of the statute.

Neither was the omission of the justice to enter in his docket "a statement of the return of the officer," as required by subd. 2, sec. 11, ch. 120, R. S., an error for which the judgment can be reversed. The statute in this respect is no doubt

directory. It imposes a merely ministerial duty, which, if not performed, does not affect the jurisdiction of the justice, or the regularity of the judgment. Such is the doctrine, under a similar statute, of *Hall v. Tuttle*, 6 Hill, 38, where the authorities are fully examined, and we cordially approve it in a case like this.

*Brown v. Kellogg*, 17 Wis., 475, is quite distinguishable. There, under the previous decision in *Roberts v. Warren*, the docket entry, as well as the public announcement of the adjournment, was held to be of the essence of the proceeding. The parties had the right to look at the entry to ascertain the time and place of adjournment. But here it is not so. No damage could ensue to either party for want of the entry. The same information could be obtained by an examination of the return itself, indorsed upon the summons, which by law is to be preserved among the files.

The other objections urged against the validity of the judgment seem equally unfounded.

The statute does not require the justice to enter in his docket that he held his court at the time and place appointed in the summons. The presumption is that he did so until the contrary is shown. It does not require him to enter at what hour the suit was called or the judgment rendered. The presumption is in this respect the same. It is that the suit was called within one hour after the time specified in the summons, and the judgment rendered after the expiration of such hour. Neither does the statute require an entry in the docket of the town or county in which the court was held. The requirement of subdivision 10 as to the entry of costs and fees separately, is also directory. The judgment will not be reversed upon this writ unless it affirmatively appears by the return that the justice exceeded his jurisdiction in the taxation of costs.

All these objections seem hypercritical and unfounded in the extreme, and must be disregarded. Judgment affirmed.

Bechtel vs. Neilson et al.

Note. On a motion for a rehearing, *J. C. Hopkins,* of counsel for plaintiff in error, argued that the justice had no right to allow an amendment of the sheriff's return fifteen months after the rendition of the judgment, and three days after the service of the writ upon him in this action. 1. A justice has no jurisdiction to render a judgment without a return of the process *then* before him, which shows that the same was duly served. *Selby v. Platts,* 3 Ohand., 183, 187. Even the circuit court cannot allow an amendment *nunc pro tunc* so as to make a void judgment valid. *Fairchild v. Dean,* 15 Wis., 206. If, upon examining the return at the time of trial, it were found defective, the court might (under section 4, ch. 120, R. S.) allow an amended return. But here the justice, at the trial, held the return sufficient, and proceeded with the cause. It would seem very strange that, after judgment, he should be allowed to revise his errors committed upon the trial, and after the service upon him of a writ of *certiorari,* allow the plaintiffs to come before him, *without notice* to the defendant, and make a motion, in a cause decided more than a year previously, for leave to amend by introducing further evidence to show that in fact he had jurisdiction to try the cause, although the proof before him at the trial did not show it. The power conferred upon a justice of the peace by the general language of sec. 4, ch. 120, does not extend to the amendment or alteration of a judgment after it has been perfected. *People ex. rel. Phelps v. Delaware C. P.,* 18 Wend., 558. The power of amendment belongs to them before judgment but not afterwards. See case last quoted, and *Brace v. Benson,* 10 Wend., 213; *Near v. Van Alstyne,* 14 Wend., 230. But even a court of record could not allow an amended return to be made and filed *without notice. Hill v. Hoover,* 9 Wis., 15; *Rape v. Eaton,* 9 Wis., 328; *Pollard v. Wegener,* 13 id., 569. Suppose the justice had issued an execution upon the judgment, and after a levy made, had been sued in trespass; could he have allowed an amendment so as to make the judgment good? Or could he have proved by the sheriff that the summons was served in the manner prescribed by law? Or in a case of adjournment, like that of *Brown v. Kellogg,* 17 Wis., 475, could the justice, after service upon him of the *certiorari,* amend his docket "in accordance with the real fact," so as to show the time and place to which the cause was adjourned?

The motion for a rehearing was denied. Rep.