CRANDALL VS. BACON and another.

*Justice of the Peace—Loss of jurisdiction by adjournment without specifying time or place—Injunction.*

1. Where a justice of the peace adjourns a cause without specifying the *hour* of the day or the *place* to which it is adjourned, he loses jurisdiction; and the judgment is *void.*
2. Such void judgment may be reversed by *certiorari;* but its collection cannot be restrained by *injunction.*

APPEAL from the Circuit Court for *Sauk* County.

This was an appeal by the defendants *Ira P.* and *Lyman Bacon*, from a judgment of said circuit court, perpetually restraining (for fraud in obtaining it) the collection of a judgment rendered by a justice of the peace of said county, in favor of *Ira P. Bacon* against *Crandall*, which judgment had been assigned to *Lyman Bacon.* *Ira P. Bacon* answered, among other things, that he had no interest legal or equitable in the judgment at the commencement of the suit, and insisted that the plaintiff's only remedy was by *certiorari.* *Lyman Bacon* answered admitting the rendition of the judgment before the justice, the assignment to him, and that he was the owner of it; but denied all other allegations of the complaint.

*Hopkins & Foote*, for appellants, argued, *inter alia*, that the judgment being void on its face, equity would not interfere to set it aside. *Meloy v. Dougherty*, 16 Wis., 269; 11 id., 389; *Van Doren v. The Mayor, &c.*, 9 Paige, 388.

*C. C. Remington*, for respondent:

1. This case is a proper one for interference by injunction.

*Wright v. Eaton,* 7 Wis., 595; *Blakesley v. Johnson,* 13 id., 530; 1 Waterman's Eden on Inj., p. 69, note. 2. The appellants cannot evade the injunction on the ground that the proper remedy was by *certiorari,* (1.) Because they cannot take advantage of their own wrong. (2.) *Certiorari* would not stay proceedings to collect the justice's judgment. 3. *Lyman Bacon,* the real owner of the judgment, sets up no defense that there was any defect in the judgment rendering it void or voidable. There was no question of that kind in the court below, and can be none here. The answer of *Ira P. Bacon* was in effect a disclaimer of all interest, and could not make for the real parties in interest an issue which they ignored.

DOWNER, J. The judgment of the justice of the peace enjoined by the circuit court was void. The justice adjourned the cause one week, without specifying the *hour* of the day, or the *place* to which it was adjourned. He thereby lost jurisdiction of the cause. *Roberts v. Warren,* 3 Wis., 736; *Brown v. Kellogg,* 17 Wis., 475.

There was a plain, adequate remedy by common law *certiorari* to reverse this void judgment.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to dismiss the complaint.

A motion for a rehearing was denied.