NETT and another vs. SERWE.

JUSTICE'S COURT. (1) *How papers should be endorsed.* (3, 4) *Entry of Judgment. Separate statement of Fees.* (5) *Itemized receipt for costs.*
APPEAL FROM JUSTICE'S COURT. (1) *Indorsement of appeal papers in circuit court.* (2) *Identification of papers, &c., on appeal to this court.* (6) *Affidavit on appeal.*

1. A justice of the peace should endorse upon each paper filed in an action before him, a statement of the date of such filing, signed by him in his name of office; and when such paper is filed in the circuit court on appeal, the clerk of that court should in like manner endorse the date of such filing.

2. Where, however, such papers, brought to this court by writ of error to the circuit court, were without any such indorsement by either the justice or the clerk, but there was included in the roll (1) A supplemental return of the justice, itself filed and endorsed in due form in the circuit court, which certifies that all the papers originally returned by him to the circuit court were the original papers in the action, and that the paper which purports to be a copy of his docket entries is correct; (2) A certificate of the clerk that the "annexed and foregoing" are "the original and all the papers and pleadings" filed in his office in the cause : *Held*, that the papers were sufficiently identified.

3. The following entry in the justice's docket : "The court is of the opinion that the plaintiff has no cause of action. Judgment against the plaintiff for costs of suit. Costs $13.31 "—*held* a valid judgment in form.

4. The provision of statute requiring the justice to state in his docket *the fees due each person separately, is directory*; and the omission of such separate statement does not invalidate the judgment.

5. The party against whom judgment is rendered for costs in justice's court, in such a case, may require an *itemized* receipt for the costs. R.S., ch. 133, sec. 71.

6. The statute (R. S., ch. 120, sec. 205) requires the affidavit for an appeal from a J. P. to state "that the appeal *is made* in good faith." An affidavit which stated that appellant "*made the appeal* in good faith," etc., *held* a substantial and sufficient compliance with this provision.

APPEAL from the Circuit Court for *Fond du Lac* County.

The plaintiffs in error seek to reverse a judgment rendered against them in the court below, where they were defendants. The case is stated in the opinion.

*Gerrit T. Thorn and N. S. Gilson,* for plaintiffs in error, contended that there was no judgment properly entered in the justice's court, to appeal from (R. S., ch. 120, sec. 11, subd. 10; ch. 133, sec. 22); no entry of the fact that an appeal had been taken (ch. 120, sec. 11., subd. 16); no filing of the papers with the justice or in the circuit court, and nothing to authenticate them (ch. 120, sec. 212); and therefore the circuit court should have dismissed the appeal (*Clark v. Bowers,* 2 Wis., 123; *Roberts v. Warren,* 3 id., 736; *Brown v. Kellogg,* 17 id., 475; *Crandall v. Bacon,* 20 id., 639; *Cecil v. Barber,* 3 id., 297); and that court acquired no jurisdiction for lack of a proper affidavit on appeal. *Chinnock v. Stevens,* 23 Wis., 396.

*Francis F. Wilde,* for defendant in error, argued that the returns of justices of the peace are to be liberally construed so long as they comply substantially with the law (*Cady v. Anson,* 4 Wis., 223; *Conkey v. Post,* 7 id., 137; *Merritt v. Baldwin,* 6 id., 439); that there was a full compliance in this case with all the requirements of sections 5 and 205, chapter 120, R. S., and chapter 262, Laws of 1864 (*Berray v. Woodruff,* 6 Wis., 202); and that the plaintffs in error waived all objections to the affidavit on appeal and return of the justice, by not moving the circuit court to dismiss the appeal. *Cavenaugh v. Titus,* 5 Wis., 143; *Pearson v. Lovejoy,* 35 How. Pr. R., 193.

Lyon, J. This action was commenced before a justice of the peace of the county of Fond du Lac, by the defendant in error, against the plaintiffs in error, and was removed by the latter, under the statute, to another justice, who tried the same, and rendered judgment therein as follows: " The court is of the opinion that the plaintiff has no cause of action. Judgment against the plaintiff for costs of suit. Costs, $13 31." The original complaint of the plaintiff below claimed but nine dollars damages; but he was allowed by the justice to amend it by increasing his claim to $44. The answer consisted of the general denial and a counterclaim or set off on an account.

Nett and another vs. Serwe.

The plaintiff below appealed from such judgment to the circuit court; and, after a variety of proceedings in that court, running through three terms, there was a trial, and the plaintiff below had a verdict and judgment for some sixteen dollars and costs. It should be stated that the necessary affidavit was made when the appeal was taken, to entitle the plaintiff below to a trial in the circuit court as in a case originally brought in that court. R. S., chap. 120, sec. 217.

The defendants below have removed said judgment against them to this court, by writ of error, for review.

I. It is claimed on behalf of plaintiffs in error, that the judgment which the justice attempted to render, is entirely void; that it is not in fact a judgment at all, and hence there was nothing to appeal from.

II. It is further claimed that there is no valid appeal; that the attempt to take an appeal was entirely ineffectual to accomplish that purpose, because of certain alleged failures to comply with the requirements of the statute providing for appeals from judgments rendered by justices of the peace.

It is apparent that if either of these positions is well taken, the circuit court had no jurisdiction of the subject matter of the action, and that its judgment must necessarily be reversed.

It is objected that the papers which have been returned to this court, and which purport to be the papers and proceedings in the action before the justice, were not *filed* either by the justice or the clerk of the circuit court, and that there is no evidence that the same are what they purport to be, or that they relate to this action at all.

It is true that there is no endorsement of filing, either by the justice or the clerk of the circuit court, on any paper in the case which purports to have been used therein before the justice, except that the justice signed officially the following endorsement, without date, on the amended complaint: "The within is an amended complaint." The summons, pleadings, copy of docket, notice and affidavit of appeal, and affidavit of the

amount claimed, have no such endorsement of filing on them or either of them. All of these papers lack these usual and appropriate evidences of identity with the case. We are compelled, therefore, to examine the returns of the justice and clerk for the purpose of ascertaining whether these papers, which are returned here as a part of the record, are in fact a part thereof.

In an amended return made by the justice and filed by the clerk of the circuit court, May 13, 1870 (and which, with a single exception, is the first paper in the record filed by him), the justice certifies, in substance, that all of the above mentioned papers, sent to the circuit court with his first return to the appeal, were the original papers in the action, and in that return he again certifies in due form to the correctness of the paper which purports to be a copy of his docket entries.

In the certificate of the clerk of the court, annexed to his return to the writ of error herein, he certifies that "the annexed and foregoing are the original, and all the papers and pleadings which have been filed in my office in the above entitled cause."

We think that the certificate of the justice, contained in such amended return, shows that he returned the original papers in the action, used before him, to the circuit court; and that the certificate of the clerk shows that the papers attached thereto and returned by him to this court are such original papers. We must hold, therefore, that the record before us is sufficiently identified and authenticated as the record in this action.

To avoid all questions of this character, however, a justice ought to endorse on each paper filed with him in an action, a statement of the date of such filing, and sign the same officially; and the clerk of the circuit court should in like manner file each paper returned by the justice on an appeal.

Having thus found that the papers before us are the original papers in the action, the next question is, whether the justice rendered any judgment therein. The form of what purports to

be such judgment, has already been stated. Although quite informal, we think it a valid judgment against the plaintiff for $13.31, costs of suit. The justice found that the plaintiff had no cause of action, and the judgment is the legal result of such finding.

The statute required the justice to state in his docket the fees due to each person separately, which he failed to do. This seems to be the principal objection taken to the validity of the judgment. We think that this provision of the statute is directory, and that a failure to conform to it does not vitiate the judgment. *Bacon v. Bassett*, 19 Wis., 45. The provision was doubtless made for the protection of the party against whom a judgment shall be rendered, and to save him from the liability to pay illegal fees, which can the more readily be smuggled into the judgment, if rendered for a gross sum. But the party can protect himself in such case by requiring an itemized receipt for the costs when he pays the same. R. S., ch. 133, sec. 71.

The justice having ascertained the amount of the costs, and nothing appearing to the contrary, we must presume that he ascertained and taxed the fees due to each person separately; and that the plaintiff could have ascertained the items by reference to the record and papers in the office of the justice, at any time while the same remained there.

The remaining question is, Was any valid appeal taken? Since the justice filed his amended return, which shows that he entered in his docket the fact that an appeal was made, and the time when made, and that his fees and the state tax were duly paid to him, there seems to remain but one objection to the validity of the appeal, and that is predicated on the alleged insufficiency of the affidavit of appeal.

The statute (R. S., ch. 120, sec 205) requires that the appellant shall present to the justice, with the notice of appeal, " an affidavit that the appeal is made in good faith, and not for the purpose of delay." The affidavit presented to the justice by

the appellant in this case is, " that he made the appeal in said cause in good faith, and not for the purpose of delay." Narrowed down to the precise point of difference it is this: the statute requires that the affidavit shall state that " *the appeal is made*," etc., while this affidavit states that the appellant " *made the appeal*," etc. We think that the affidavit is a substantial compliance with the statute. Although some of the decisions of this court have held a very rigid rule on the subject, and have required a very strict, almost literal, compliance with the provisions of the statute regulating appeals, as essential to the validity of an appeal, yet none of the cases have gone as far as we are asked to go in this case. We are asked to say that this appeal is invalid, and that the circuit court did not have jurisdiction of the action, because certain words in such affidavit are transposed, which transposition does not affect the substance, meaning or sense of the affidavit in the least.

A due regard for the maxim that appeals from inferior tribunals are favored in the law, constrains us to believe that we ought not to acquire a more exact and literal compliance with the statutes providing for appeals from the judgments of justices of the peace, than has been required by the former decisions of this court. We think that the rule established by those decisions should not be made more rigid. And in all of those cases where the failure to comply with the statutory requirement was held fatal to the appeal, it will be observed that such failure was in some matter of substance, and not, as in this case, in matter of mere form.

The judgment of the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.