## IVER ANDERSON *vs.* SOUTHERN MINNESOTA RAILROAD COMPANY.

### Aug. 10, 1874.

**Waiver by Corporation of Defective Service of Summons.**—A corporation, after appearing generally and pleading to the merits in an action in a justice's court, cannot afterwards object that the summons was not served in conformity with the requirements of statute.

**Justice of Peace—Adjournment—Docket Entry.**—A docket entry, "by consent of parties, the case is adjourned till Monday, September 23, 1873, at one o'clock in the afternoon," sufficiently complies with the statute requiring that the justice shall enter in his docket "every adjournment, stating to what time *and place.*"

This action was brought in a justice's court, where the plaintiff had judgment. The defendant appealed, upon questions of law, to the district court for Fillmore county, *Waterman,* J., presiding, where the judgment of the justice was reversed, and judgment entered for the defendant, from which the plaintiff appeals. The case is stated in the opinion.

*H. R. Wells,* for appellant.

*R. A. Murray,* for respondent.

YOUNG, J. The plaintiff brought this action before a justice of the peace, to recover damages for cattle negligently killed. The defendant appeared at the time and place named in the summons, and answered the complaint. It now objects that the officer's return shows an insufficient service of the summons. The objection comes too late. Having appeared generally, and pleaded to the merits in an action the subject matter of which was within the jurisdiction of the justice, the defendant cannot afterwards interpose any objection to the jurisdiction of the justice over its person, based on defects in the service of the summons. *McCormick* v. *Penn. Central R. Co.,* 49 N. Y. 303; *Congar* v. *Chicago & Galena R. Co.,* 17 Wis. 477; *Lawrence* v. *Bassett,* 5 Allen, 140; *Tyrrell* v. *Jones,* 18 Minn. 312.

The objection that the complaint does not state a cause of

action rests on a clearly erroneous construction of § 14, ch. 1, of the defendant's charter, Sp. Laws 1864, p. 156. By that section, the defendant has two years after the construction of its road through any improved land, in which to build fences ; but no such time is allowed for the building of cattle guards, the want of which is the negligence complained of; and even were the defendant's construction of this section correct, the allegations of fact are sufficient for a complaint in a justice's court as against such an objection, taken for the first time in an appellate court.

The pleadings being filed and the cause at issue, an adjournment was had, on defendant's motion, the justice making the following entry in his docket : " Counsel for defendant made a motion to adjourn the suit ; motion granted, and by consent of parties the case is adjourned till Monday, September 23, 1872, at one o'clock in the afternoon." The defendant claims that by his failure to enter in his docket the *place* to which the case was adjourned, the justice lost jurisdiction, and the subsequent proceedings, resulting in the judgment appealed from, were *coram non judice,* and void.

We are bound to presume that the pleadings took place at the justice's office, the place named in the summons for the appearance of the defendant, and that the proceedings on the adjourned day were had at the same place ; nor is there any pretence that this general presumption is not strictly in accordance with the facts of this case. When this justice, holding court at the office he is directed by law to keep, adjourned this case, then pending before him, to a future day, without naming the place of adjournment, the justice, and the parties, and every person who heard the adjournment announced, fully understood that this meant an adjournment to the same office at which they were then present. The justice could not more clearly have expressed this, though he had added the words, " at this place," or " at this office." These or like words are necessarily implied in any such announcement, and such an announcement cannot be

tortured into meaning anything else than an adjournment to the same office in which the justice was then holding his court. It must mean this, and it can have no other meaning. In common understanding and in legal intendment, this case was adjourned, to be resumed at the office of the justice. He was bound to proceed with it on the adjourned day at the same office and nowhere else; and had the subsequent proceedings been had at any other place, it would have been error.

For the same reason, the entry made by the justice is a sufficient entry of an adjournment to his office. He might have added these words to the entry, and it would have conformed strictly to the announcement made in open court; but these words would add nothing to the meaning of the entry as it now stands. *Expressio eorum quæ tacite insunt nihil operatur.* Any person reading this entry would understand it to mean an adjournment to the justice's office, and every object of the statutory requirement, that the justice shall enter in his docket " every adjournment, stating to what time and place," is fully answered by it. The designation of the justice's office in the entry would be what Bacon calls " *clausula inutilis,* where the words do express no more than the law by intendment would have supplied." Broom's Legal Maxims, 669, 672.

In the cases cited for defendant, *Roberts* v. *Warren,* 3 Wis. 736; *Brown* v. *Kellogg,* 17 Wis. 475, the docket entries were held insufficient, for other reasons besides the want of any specification of the place of adjournment; and the language of the court in regard to the effect of a failure to enter in the docket the place, as well as the time, was unnecessary to the decision of the cases before the court, and therefore probably not much considered. The Wisconsin cases are moreover opposed to the course of decision in New York upon the statute from which that of Wisconsin and our own are copied. See *Hall* v. *Tuttle,* 6 Hill, 38; *Baker* v. *Brintnall,* 52 Barb. 188. The reasoning of the court in *Bacon* v. *Bassett,* 19 Wis. 45, tends to support the position we have taken in this case.

There was, therefore, no error in the proceedings before the justice, and the district court erred in reversing the case. The judgment of the district court is reversed.