CARTER vs. WYATT.

JUSTICES' COURTS.   *Jurisdiction as dependent on return of process.*

1. Under sec. 45, ch. 120, R. S., as amended by ch. 172 of 1875, a J. P. must be in his office, as sitting in open court, at the return hour of process issued by him, and for the next succeeding hour allowed for the appearance of the parties; but where the process is not returned served, nor the case called, within the hour named in the process, if it be returned served and the case be called within the next hour, the justice has jurisdiction of the action and of the defendant's person; the provision requiring him to call the case at the very hour named in the process being in that case *directory* only.

2. Where the process is actually returned to the justice, and the case called, within the hour next succeeding that specified for the return, and such actual return and the officer's *indorsement* of the service constitute one continuing act, the mere fact that the indorsement is not made within such second hour will not defeat or suspend the justice's jurisdiction.

APPEAL from the Circuit Court for *Lincoln* County.

Action commenced in justice's court, where the plaintiff had a judgment. The cause was then taken to the circuit court by *certiorari*. The facts, as they finally appeared by the justice's amended returns, were substantially these: The action was commenced by attachment, returnable July 28, 1877, at ten o'clock A. M. At the time named, the case was called by the justice, but neither party appeared. A few minutes afterwards, the officer who had served the writ came in with it, and laid it on the table before the justice, stating that he did not

know the form of the written return required to be indorsed upon it, and desired to wait for plaintiff's attorney to draw such return; and the justice directed him to do so. At eleven o'clock plaintiff appeared by attorney, defendant not appearing; the case was again called; and plaintiff's attorney proceeded immediately to indorse the proper form of return on the writs in this and some half dozen other like cases, and the officer signed such indorsements as they were made. This occupied an hour, and at twelve o'clock the writs were delivered to the justice with the returns duly indorsed. The court then took a recess until two o'clock P. M., when the complaints in all the actions were drawn by plaintiff's attorney, and such further proceedings were had in this action as resulted in a judgment for the plaintiff, without any appearance by the defendant.

The circuit court reversed the judgment of the justice, and plaintiff appealed.

For the appellant, a brief was filed by *Silverthorn & Hurley*, and the cause was argued orally by *Mr. Hurley*. They cited *Selby v. Platts*, 3 Pin., 173; *Warner v. Hart*, 6 Wis., 467; *Bacon v. Bassett*, 19 id., 45; *Baizer v. Lasch*, 28 id., 272; *Hall v. Tuttle*, 6 Hill, 38; *Chamberlain v. Lovet*, 12 Johns., 217; *Baldwin v. Carter*, 15 id., 496.

For the respondent, a brief was filed by *James & Crosby*, and the cause was argued orally by *E. E. Bryant:*

In an action commenced by attachment in justice's court, the justice has no jurisdiction to proceed until the officer has made return to the attachment, showing due service thereof; and such return must be made before the time for appearance mentioned in the process. *Williams v. Barnaman*, 28 How. Pr., 59; *Selby v. Platts*, 3 Pin., 170; *Roberts v. Warren*, 3 Wis., 736; 14 Abb. Pr., 237; 18 id., 158; 19 id., 69; 2 Wait's L. & P., 72. In all matters relating to the acquirement of jurisdiction by justices of the peace, there must be strict compliance with the statute. *Jones v. Reed*, 1 Johns. Cas., 20;

*Seymour v. Judd*, 2 Coms., 464; 2 Wait's L. & P., 14, 39. In attachment proceedings, especially, there must be strict observance of the statute. *Quarles v. Robinson*, 1 Chand., 29; *Pratt v. Pratt*, 2 id., 48; *Whitney v. Brunette*, 15 Wis., 61. Our statute (Laws of 1875, ch. 172, sec. 1) requires the justice to call the case for trial at the time specified in the process, but requires that before it is called the process shall have been returned duly served. It is doubtful whether the justice had any authority to call the case at eleven o'clock; but even at that hour there was nothing before him to show that defendant's property had been attached and was within the jurisdiction of the court.

RYAN, C. J. Sec. 45, chapt. 120, R. S., required a justice of the peace, upon return of process served, to wait an hour after the time of appearance specified in the process, for the actual appearance of the parties. This section was amended by chapt. 172 of 1875. The amended section requires a justice to be in his office at the return hour of process issued by him, and for the next succeeding hour, and, upon return of the process served, to call the case for trial at the hour specified in the process, but to wait the next succeeding hour for the appearance of the parties. Probably the only material change worked by the amendment is, that a justice must be in his office, as sitting in open court, during the hour of grace; so that parties may not have to wait for the justice, as the justice must wait for them.

The position is, however, understood to be taken here, that the amendment requires the process to be returned and the justice to call the case at the very hour named in the process; failing which, the justice loses jurisdiction. This court does not so understand the statute.

A justice of the peace takes jurisdiction of cases within it, upon issuing the proper process, though he does not acquire jurisdiction of the person of the defendant until the return of

the process.   The failure of the officer to return the process
by the very hour named, cannot operate to abate the suit or to
oust the jurisdiction of the justice.   The justice ought to
have power, and it appears to be given to him, to compel the re-
turn of his process.   Secs. 4 and 219, chapt. 120, R. S.   If he
can compel return, he can await return without loss of juris-
diction.   If he can await the return after the very hour named
in the process, without loss of jurisdiction, he may wait be-
yond it to call the case.   His calling the case at the very hour
is perhaps made dependent upon the return of the process.
So that he calls the case within the succeeding hour, the pro-
vision requiring him to call it at the very hour is directory
only.   *Bacon v. Bassett*, 19 Wis., 45; *Nett v. Serwe*, 28 id.,
663.

What would be the power or duty of a justice, if his process
should not be returned by the officer within the next hour af-
ter the time at which it is returnable, is a question not now
before the court.   It is enough to hold here that the statute
appears to suspend time for an hour after that specified for the
return of the process; giving justice, constable and parties
*tempus rei gerendœ*, a long hour by Shrewsbury clock.   So
that within the hour the process be returned served and the
justice call the case, no difficulty appears to arise in the exer-
cise of the justice's jurisdiction either of the case or of the
person of the defendant.

The particular difficulty suggested in this case is, that though
the officer actually returned his process to the justice, actually
served, within the hour succeeding the time specified for its
return, yet he did not indorse his written return on it, until
after the hour's grace had expired.   And it is contended that,
after the hour, the authority of the justice to receive the re-
turn, and his jurisdiction of the case and of the defendant,
were gone.   This court cannot hold so.   As already remarked,
the jurisdiction of the justice of the suit is not dependent on
the promptness of the return, and would survive failure of re-

turn within the hour.   His calling the case within the hour, to await or compel a return, would keep his jurisdiction alive beyond the hour.   But here the officer's actual return of the process within the hour, and his indorsement of the service after the hour, constituted one continuing act; the prolongation of the act beyond the hour neither defeated nor suspended the justice's jurisdiction; and the written return was as effectual for all purposes as if it had been complete within the hour.

Justices of the peace take limited jurisdiction by prescribed modes of proceeding, and are held strictly to them.   But the strictness of practice to which they are held must be reasonable.   The objections urged in this case against the justice's judgment are unreasonably and unwarrantably technical, and cannot be sustained.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded with directions to affirm the judgment of the justice.