BRAHMSTEAD VS. WARD.

JUSTICES' COURTS: *Adjournment: Loss of Jurisdiction.*

1. The *place*, day and hour to which a cause is adjourned by a J. P., must all appear *from the docket entries* made by him, or he loses jurisdiction.
2. Where the justice's docket only stated that "defendant adjourned trial for one week from date; court to open the 11th, at 9 o'clock, A. M.," a judgment rendered at the adjourned hearing should have been reversed on appeal to the circuit court, notwithstanding a return of the justice that when he adjourned the cause, he stated *orally:* "This case is now adjourned for one week, being to the 11th of June, *at this place.*"

APPEAL from the Circuit Court for *Wood* County.

This appeal was taken by the defendant from a judgment of said circuit court affirming, upon *certiorari*, the judgment of a justice's court in the same action, in favor of the plaintiff. The case is sufficiently stated in the opinion.

The cause was submitted on the brief of *Webb & Cochran* for the appellant, and that of *Geo. L. Williams* for the respondent.

TAYLOR, J. The judgment of the justice's court was removed to the circuit court by a common-law writ of *certiorari*. From the return made by the justice to such writ, it appears that after issue had been joined in the action before the justice, on the

application of the defendant, the cause was adjourned for one week. The only entry made by the justice in his docket, of such adjournment, was in the following words: "Defendant adjourned trial for one week from date, court to open the 11th, at 9 o'clock A. M." Upon an order for a further return to the writ, the justice returned the following: "I do hereby make a further return in the action [giving the title], and certify that when I adjourned said case on the 4th day of June, 1877, I stated orally, saying in words as follows, or in effect: 'This case is now adjourned for one week from date, being to the 11th of June, at this place.'" The judgment in the justice's court was for $7.40 damages, and costs, making in all the sum of $16.68.

It is to be regretted that a case of so little importance to the parties should have found its way to this court; and the fact that it has found its way here might well suggest that it would be a wise exercise of the legislative power to put an end to litigations involving such small pecuniary interests, before reaching this court.

The objection to the record of the justice is one which this court has in repeated decisions held fatal to the validity of the judgment. In the case of *Grace v. Mitchell*, 31 Wis., 533, the late learned Chief Justice Dixon says: "Jurisdiction in each case was lost by reason of the omission of the justice to specify in his docket the place to which the hearings were adjourned, and in one instance the hour of the adjourned day was omitted. . . . Counsel for the defendants concede that the judgments were *coram non judice*, and void." This was said in an action where the judgments of the justice came in question collaterally. In the case of *Brown v. Kellogg*, 17 Wis., 475, the court say: "The time, which includes the hour of the day, and the place, to which the hearing is postponed, must be entered in the docket whenever there is an adjournment. It is such entry, as well as the public announcement, which constitutes the adjournment; and unless it be made,

the justice loses jurisdiction. The docket is a public record, to which the parties and others interested may resort to obtain accurate information, and to avoid mistakes. A subsequent entry will not, therefore, supply the defect, or restore jurisdiction." The same rule is held in *Roberts v. Warren*, 3 Wis., 736, and *Crandall v. Bacon*, 20 id., 639.

These cases are decisive of the one at bar. And, although our sympathies are strongly in favor of the judgment rendered by the circuit court, we are compelled to hold that it is erroneous and must be reversed.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded with directions to that court to reverse the judgment of the justice's court.

RYAN, C. J., took no part.