DRISCOLL VS. SMITH.

*November 21 — December 11, 1883.*

JUSTICES' COURTS. *(1) What reviewable on* certiorari. *(2, 3) Time of calling case: what docket must show: presumption.*

1. Evidence and special rulings of a justice of the peace cannot be reviewed on *certiorari.*

2. The statute (R. S., sec. 3574) providing that a justice shall enter in his docket the *time* when the parties appeared before him and when a trial was had, does not require that the *exact hour* of calling the case should be so entered.

3. Where the docket of a justice shows that a case was called on the return day of the summons, it will be presumed that it was called at the hour named in the process.

APPEAL from the County Court of *Dodge* County. The facts sufficiently appear from the opinion.

For the appellant there were briefs by *E. F. Masterson,* as attorney, and *Hall & Skinner,* of counsel, and oral argument by *Mr. Hall.* To the point that on *certiorari* only jurisdictional questions will be considered, they cited, besides the cases cited in the opinion: *Tallmadge v. Potter,* 12 Wis., 317; *Owen v. State,* 27 id., 456; *Taylor v. Wilkinson,* 22 id., 40; *Milwaukee Iron Co. v. Schubel,* 29 id., 444; *State v. Huck,* id., 202; *Callon v. Sternberg,* 38 id., 539; *Healy v. Kneeland,* 48 id., 497.

For the respondent the cause was submitted on the brief of *Harlow Pease.* To the point that the *time* of appearance, etc., which the justice is required to enter on his docket, includes the *hour* of the day, he cited: *Roberts v. Warren,* 3 Wis., 736–9; *Brown v. Kellogg,* 17 id., 475; *Brahmstead v. Ward,* 44 id., 592.

ORTON, J. This was a common law *certiorari* from a justice of the peace to the county court, upon which the judgment of the justice in favor of the plaintiff was reversed

Driscoll vs. Smith.

on two grounds: (1) That it does not appear from the docket of the justice that the case was called at the exact hour stated in the summons; (2) that the justice rendered the judgment without evidence. This second ground is un-.tenable, because on such a writ the evidence and special rulings of the justice upon the trial cannot be reviewed. *Bacon v. Bassett,* 19 Wis., 45; *Roberts v. Warren,* 3 Wis., 736; *Frederick v. Clark,* 5 Wis., 191; *Baizer v. Lasch,* 28 Wis., 268; *Cassidy v. Millerick,* 52 Wis., 379; *State ex rel. v. Whitford,* 54 Wis., 150; and many other cases cited in the brief of the learned counsel of the appellant. But if this rule were otherwise, there was at least *prima facie* evidence of the plaintiff's claim by the verification of the complaint, and by an affidavit by his agent and attorney.

The first ground, if tenable, is jurisdictional, and properly cognizable by the writ. The summons was returnable February 25th, at one o'clock in the afternoon. The entry in the docket is " February 25, 1881, case called," etc. Sec. 3623, R. S., requires the justice to call the case for trial at the hour specified in the process. Sec. 3574; R. S., requires the justice to enter in his docket " the time when the trial is had," and " when the parties appeared before him." The statute does not require that the exact hour of calling the case should be entered on the docket. *Bacon v. Bassett, supra.* All reasonable presumptions must be indulged in, in favor of the proceedings before even a justice's court, and the presumption is that the case was called at the hour named in the process, nothing appearing to the contrary, and the statute not requiring the hour of calling it to be entered in the docket. *Bacon v. Bassett, supra,* is directly in point.

*By the Court.*— The judgment of the county court is reversed, and the cause remanded with directions to render a judgment affirming the judgment of the justice.