Nov. Term, 1856.

The State v. The White- water, Val- ley Canal Company.

The State on the relation of The Board of Commis- sioners of Dearborn County v. The Whitewater Valley Canal Company.

Writ of mandate against a canal company, commanding them to rebuild a bridge, or show cause, &c. The affidavit upon which the writ was issued, stated that when the State constructed the canal, there was, and at all times since has been, a public highway of the State, cross- ing *W.* river at the place occupied by the pool made by a feeder-dam; that before the erection of the dam there was a ford in said river at that place, by which travelers could and did pass the river, except when it was high; that by the erection of the dam, the ford was ren- dered impassable, by reason of which the State erected a public bridge across the pool; that said bridge was maintained by the State on said highway until she transferred the canal with its appurtenances to the company, whose duty it is still to maintain the same; that in *Decem- ber,* 1853, the bridge was carried away by a flood, and that the com- pany, not regarding their duty, &c., have wholly failed, &c., to rebuild the same, &c. The bill of exceptions states that the company appeared and moved to dismiss the suit on the ground that their principal office and place of business is in a county over which the Court has not ju- risdiction; that the motion was resisted by the plaintiff, but sustained by the Court.

*Held,* that as the plaintiff failed in the Court below to state the grounds upon which he resisted the motion to dismiss, and the record being silent on the subject, it must be presumed that there were before the Court facts sufficient to justify its action under the statute; but,

*Held,* also, that this case is not within that class of actions which must be instituted in the county in which the subject of the action, or some part of it arose; nor does the act of 1852, prescribing the manner of proceeding against canal companies for failure to rebuild or repair bridges, apply to it.

A defect of jurisdiction is not waived by the defendant's appearance to the action: the suit must be dismissed whenever, in its progress, such defect appears.

*Tuesday, December 9.*

APPEAL from the *Dearborn* Circuit Court.

Davison, J.—This was a proceeding by writ of man- date against the *Whitewater Valley Canal Company,* who were the defendants below. The affidavit upon which the writ is predicated, is in substance as follows: When the State constructed said canal, there was, and at all times since has been, a public highway of the State, leading from the town of *Harrison,* in *Dearborn* county,

in a westwardly direction, which crosses *Whitewater* river at the place occupied by the pool made by the feeder-dam, a short distance below said town, which dam was made by the State to feed the canal. And before the erection of the dam, there was a ford in said river where the road crosses it, over which travelers could and did pass at their pleasure, except when the river was high. That by the erection of the dam, the ford was rendered impassable by the. backing up of the water, and the State, to obviate the inconvenience thereby occasioned, at or about the time the dam was erected, constructed a public bridge across said pool. The bridge was kept up and maintained by the State, as a public bridge on said highway, from the time she erected it until she transferred the canal with its appurtenances to said company, whose duty it is alleged to be to still keep up and maintain the same as a public bridge. It is averred that in *December*, 1853, the bridge was carried away by a flood, and that the company, not regarding their duty in the premises, have wholly failed and refused to rebuild the same, &c. Upon the filing of the affidavit, the Court ordered a writ, which was accordingly issued, and which, after reciting said affidavit, commanded the company to rebuild said bridge, or show cause, &c. There is in the record a bill of exceptions which states that the company appeared by their attorney and moved to dismiss the suit on the ground that they have their principal office and place of doing business in *Connersville, Fayette* county, and therefore the *Dearborn* Circuit Court has no jurisdiction, &c., which motion the plaintiff resisted; but the Court being of opinion that the suit should have been commenced in the county of *Fayette*, sustained said motion and dismissed the cause.

Against the correctness of this decision two positions are assumed.

1. The motion, if at all valid, should have been made before appearing to the action, or by way of plea in abatement.

Nov. Term, 1856.

THE STATE
v.
THE WHITE-
WATER VAL-
LEY CANAL
COMPANY.

Nov. Term,
1856.

THE STATE
v.
THE WHITE-
WATER VAL-
LEY CANAL
COMPANY.

2. The action is local in its nature, and must be brought in the county where the duty sought to be enforced is to be performed.

We have a statute which enacts that any action against a corporation may be brought in the county where the corporation has an office for the transaction of business, or any person resides upon whom process may be served against the corporation, unless otherwise provided, &c. 2 R. S. p. 222, s. 796. As the plaintiff failed in the Court below to state the grounds upon which he resisted the defendant's motion, and the record being otherwise silent on the subject, we must presume that there were before the Court facts sufficient to justify its action under the section to which we have referred.

A defect of jurisdiction is not waived by the defendant's appearance to the action. Whenever in the progress of a cause such defect appears, the suit should be dismissed. Van Santvoord's Pl. 725. But it is assumed that the present action is local in its nature, and must be brought in the county where the duty sought to be enforced is to be performed. The code points out and defines the subject-matter of all the actions which must be instituted in the county in which the subject of the action, or some part thereof, is situated. But the case at bar does not seem to be within the definition. 2 R. S. pp. 33, 34, ss. 28, 29. We are, however, referred to an act of 1852, which, it is said, expressly requires actions such as this to be commenced in the county where the duty sought to be enforced is to be performed. That act provides that, "Whenever, by virtue of any law of this State, it shall be the duty of any canal company to rebuild or repair any bridge across the canal of such company, and they fail to perform that duty, the board of commissioners of the county where the bridge should have been rebuilt, &c., may bring suit in their own names against such company," &c. It further provides, that the proceeds of any judgment that may be obtained against such company for so failing, &c., shall be applied

to the rebuilding, &c., of such bridge. Acts of 1852, p. 92.

These provisions evidently do not apply to the question under discussion. The writ of mandate does not assume that the bridge constructed by the State crossed the canal. Nor is this suit in the name of the board of commissioners. And, moreover, that branch of the act which relates to the application of the proceeds of a recovery against the company, at once shows that the proceeding by mandate is not contemplated; because in such proceeding a judgment for damages is not allowed. For aught that appears in the record, the ruling of the Court is not erroneous.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Ryman*, for the State.