SMITH *v.* CHANDLER and Others.

Counter-affidavits are not admissible on an application for security for costs on account of non-residency.

A complaint for an injunction, need not aver that a bond has been filed.

A justice of the peace cannot vacate a judgment rendered by him in a suit between parties, on the application of one, without notice to the other party.

APPEAL from the *Warren* Court of Common Pleas.

*Monday, December* 19.

HANNA, J.—The facts averred in the complaint, by *Smith,* so far as we need notice them, are: That *Chandler* recovered a judgment before *Clinton,* a justice, against *Smith;* that within the time fixed by the statute, *Smith* applied for, and obtained, a new trial; that upon the second trial, *Smith* had a verdict and judgment in his favor; that afterwards, "without notice to the said *Smith,* the justice, at the request of said *Chandler,* or his attorney, rubbed out or scratched out said judgment in favor of said *Smith,* and issued an execution on the first judgment;" that said execution is in the hands of *Dean,* the other defendant, who threatens to levy upon the property of plaintiff, &c.; that the judgment in favor of plaintiff is in full force, &c. An injunction was prayed.

An affidavit was filed by *Dean,* averring that "plaintiff has told this defendant, a number of times, that his residence is in the state of *Iowa,*" but does not aver that, in fact, his residence is without the state.

The plaintiff offered to file counter-affidavits, showing that his residence was in this state. The Court refused to permit him to file said affidavits, and ordered him to give security for costs; to which rulings he excepted.

We think the ruling of the Court below was right, in refusing to receive counter-affidavits, but was wrong in making the order upon the affidavit of *Dean.* The affidavit does not show that the residence of the plaintiff was out of the state; it does not even state that the affiant believed it to be so.

The defendants then demurred to the complaint for two causes—

VOL. XIII.—33

1. That it does not state facts sufficient, &c.

2. That it does not show that a bond was filed and a release of errors entered, &c.

The complaint need not disclose whether a bond is filed or not. This is a question of practice, not of pleading, to be determined upon the hearing.

The statute provides that, "In applications to stay proceedings after judgment, the plaintiff shall indorse upon his complaint a release of errors in the judgment, whenever required to do so by the judge or Court." 2 R. S. p. 61, § 145.

This statute is not applicable to the facts in the case at bar. Here, the facts averred in the complaint show, that the first judgment rendered was vacated, set aside, and that really, there exists no judgment upon which the execution, in the hands of the officer, could issue. The justice had no authority, in the form it is alleged he proceeded, to vacate the second judgment, without notice, and to reinstate the former judgment. His proceedings in that respect, were a nullity. For these reasons, no release of errors was necessary, and the demurrer should have been overruled on that point, as well as upon the first point.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*J. H. Brown,* for the appellant.

*R. A. Chandler,* for the appellee.