SHAFER and Others *v.* BARDENER and Others.

In applications for the location or change of public highways, pending in the Common Pleas or Circuit Court, on appeal from the Board of Commissioners, all errors, not properly presented to the Court of Commissioners, will be considered by the Appellate Court, to have been waived.

Where viewers report that a proposed location, or change, of a pub-

lic highway, will not be of public utility, it is not competent for the appellate, or inferior court, to order such location, or change, to be made.

APPEAL from the *Hamilton* Circuit Court.

DAVISON, J.—*George Shafer* and others, on the 20th of November, 1855, filed their petition, before the board of trustees of *Jackson* township, in *Hamilton* county, for the change of a public highway in said township. The petition describes the proposed change, names the owners of the lands through which it will run, and prays the appointment of viewers, etc. The board, in accordance with the prayer, appointed three viewers, who, at the June term, 1856, of said board, reported that they had laid out and marked the proposed change, or new way, and that the same was of public utility. And, thereupon the board, the said report having been read, ordered that the same be confirmed, and that the change, or new way, be opened to the width of thirty-three feet, "and that it be, hereafter, kept in repair," etc. In the transcript of the proceedings of said board, and immediately succeeding the above order, there is set forth the remonstrance of *Henry Bardener* and others, against the confirmation of the foregoing report of said viewers. That remonstrance alleges, "*inter alia,*" that such change, or new way, if confirmed, will be greatly to the damage of the remonstrants; and they, therefore, pray a review, etc. And the board, thereupon, made an order appointing *Joseph Sanders, Thomas Chew,* and *Elias Johnson,* to review the proposed change, or new way, "and the adjacent lands;" and further, the board ordered, that the reviewers, thus appointed, having completed such review, report their doings in the premises, etc. At the next term, to-wit: on the 25th of October, 1856, the reviewers reported, that they had, in pursuance of said order, reviewed the proposed change, or new way, "and the adjacent land of *Henry Bardener,* through which it passes, and

are of opinion that said new way will be of public utility, and that *Bardener*, by such change, will sustain no damage." And this report being read, the board confirmed it, ordered that the same be recorded, and that the new way be opened and kept in repair as a public highway, etc. From this order *Bardener* appealed to the board of commissioners of said county. In that Court viewers were appointed, who, at the June term, 1857, reported to said board of commissioners, that "the proposed change, or new way, was of, public utility," etc. Thereupon, *Bardener* filed his remonstrance against said report, and therein prayed a review, and the assessment of damages, etc. Upon the remonstrance thus filed, the board appointed viewers, to make such review, and they, at the September term, 1857, reported that "the proposed change, or new way, would be of public utility, etc., and, if established, *Bardener* would sustain no damage."

The record shows, that *Bardener* appealed from the decision of the board of commissioners. In the Circuit Court, to which the cause was taken by appeal, the petitioners moved to dismiss the appeal, on two grounds: 1. Because the appeal bond, for the appeal from the decision of the township trustees to the board of commissioners, was not filed within thirty days after said trustees rendered final judgment in the case. 2. That *Bardener* did not present his remonstrance and claim for damages to said trustees, until after they had finally acted upon the petitioners' petition, and ordered the proposed change to be made, and the new way to be opened, etc. These alleged defects in the proceeding occurred before the township trustees, but they do not appear to have been presented to the consideration of the board of commissioners, while the cause was in progress in that court. And the result is, they were not available, in the Circuit Court, for any purpose.

The issues were submitted to a jury, who found as fol-

lows: "We, the jury, find that the proposed change in said road is not of public utility, and further, if the new road is located on the proposed line, we assess the damages of *Henry Bardener* at eighty dollars."

Motions for a new trial and in arrest having been overruled, the Court rendered the following judgment: "It is, therefore, considered by the Court, that if the petitioners shall pay to *Henry Bardener*, or pay into the clerk's office of this Court, for his use, within ten days from this date, the sum of eighty dollars, as damages, then, and in that case, the clerk of this Court is required to issue a copy of this order, directed to the trustee of *Jackson* township, also a description of the proposed change, as found among the papers of this cause. It is further considered, that the remonstrant recover of the petitioners all costs and charges herein laid out and expended," etc.

This judgment can not be maintained. The jury found "that the proposed change of the road was not of public utility," and hence, in view of the finding, no such change was allowable. 1 R. S., page 313, sec. 30. Nor was the remonstrant entitled, in any event, to recover, because, in the absence of a change of the road, he could not be damaged. The judgment is, therefore, erroneous, and must be reversed.

*Per Curiam.*—The judgment is reversed, with costs, and the cause remanded.

*McDonald, Roache* and *Lewis, D. C. Chipman,* and *E. S. Stone,* for the appellants.

*D. Moss,* for the appellees.