INHABITANTS OF MONTICELLO *vs.* COUNTY COMMISSIONERS OF AROOSTOOK COUNTY.

*Statute — construction of. County Commissioners — report of — to what term it may be continued.*

Where the return of county commissioners, on a petition to lay out, alter, or discontinue a highway, was made at the January term and placed on file, and the petition was continued over their next regular June term to the succeeding July term, when all proceedings therein were closed and recorded. *Held,* such a proceeding was in direct violation of R. S. c. 18, § 5.

PETITION for *certiorari* to quash proceedings of the county commissioners of this county in laying out and establishing a highway in the town of Monticello.

The case is sufficiently stated in the opinion.

*C. M. Herrin,* for the petitioners.

*L. Powers,* for the respondents.

APPLETON, C. J.   By R. S. 1857, c. 18, county commissioners, after giving notice to all persons interested of the pendency of a petition for the location, alteration, or discontinuance of a highway, and of the time and place of meeting to view the way and hear the parties, and after viewing the way and hearing the parties, are required, if they determine the way to be of common convenience and necessity, or that an existing way shall be altered or discontinued, to " make a correct return of their doings, signed by them, accompanied by an accurate plan of the way," etc.

By § 5, " Their return, made at their next regular session after the hearing, is to be placed on file, and to remain in the custody of their clerk, for inspection without record.   The case is then to be continued to their next regular term ; when, or before then, all persons aggrieved by their estimate of damages shall present their petition for redress.   If no such petition is then presented or pending, the proceedings shall be closed, recorded, and become effectual," etc.

Now the report of the commissioners was made at the January term, 1867, and then placed on file. The "petition was thence continued to the July term, 1867, of said court, when all proceedings therein were closed and recorded. But this was in direct violation of the statute. The next regular term of the court of county commissioners was required by law to be holden on the first Tuesday of June, 1867, at which term the proceedings should have been closed and recorded, unless persons aggrieved by their estimate of damages should present petitions for redress. But nothing was done at that time, nor could these petitioners or any others aggrieved have then presented their petitions for redress or been heard in relation thereto, for no June term was holden.

The county commissioners could not lawfully, and without any assignable cause, neglect or omit to hold the next regular term and act upon the matter and continue all proceedings over the regular term to the one subsequent thereto. If they could act at a term other than the next regular term, they might do it at any term held, however long thereafter. Parties interested cannot be required or expected to look for the presentation of the return of the commissioners at any other term than the one specially designated for that purpose by statute. The error is one of substance, not of form. *Parsonsfield* v. *Lord*, 23 Maine, 511; *Windham, petitioner*, 32 Maine, 452; *City of Belfast, appellant*, 53 Maine, 431.

Nor is it any sufficient answer that the county commissioners neglected to hold the next regular term as established by statute. No reason is assigned for not doing it. Their neglect of duty, in this respect, cannot render valid their violation of the law in making their return at a wrong time. If they could, without reason, omit to hold one term, they might any number. This would leave it to their discretion to hold a term or not.

There are other objections to these proceedings, but it is not necessary to examine them as we deem the one we have considered fatal to their validity.          *The writ of certiorari to issue.*

CUTTING, KENT, WALTON, DICKERSON, and DANFORTH, JJ., concurred.