Blackman *v.* Halves.

No. 7509.

## BLACKMAN *v.* HALVES.

HIGHWAY.—*Location of.*—*Public Utility.*—No person has the right to open and maintain a highway over the land of another without his consent, where such highway has been found not to be of public utility.

SAME.—*Eminent Domain.*—*When Invoked.*—The right of eminent domain can only be invoked for the compulsory taking, or the enforced appropriation, of private property, when some public exigency requires the exercise of that sovereign right.

SAME.—When a highway petitioned for has been found not to be needed for public use, public exigency does not require that it shall be opened and maintained.

SAME.—*Constitutional Law.*—So much of section 24 of the act in relation to highways, 1 R. S. 1876, p. 533, as implies that, after a contemplated highway, or a change in a highway, has been found not to be of public utility, it may nevertheless be opened or made and maintained by the petitioner therefor, at his own expense, is unconstitutional and void.

From the Warrick Circuit Court.

*C. Denby* and *D. B. Kumler,* for appellant.

*J. S. Moore* and *G. L. Reinhard,* for appellee.

NIBLACK, C. J.—This was a proceeding commenced before the board of commissioners of the county of Warrick, upon the petition of Henry Blackman and seventeen or eighteen other persons of the neighborhood, under section 15 of the act concerning highways, 1 R. S. 1876, p. 531, praying for a change in the location of a highway in that county. Viewers were appointed, who reported in favor of the public utility of the change petitioned for.

Frederick Halves and others remonstrated against the public utility of the proposed change, and reviewers were appointed, who reported against its public utility.

Blackman, the petitioner most interested in the subject-matter in controversy, then proposed to open and maintain the piece of new road, which the change petitioned for would make necessary, at his own expense. Halves thereupon further remonstrated, and asked that the damages he was likely

to sustain might be assessed. Other reviewers were appointed, who assessed his damages at the sum of $1,500.00.

Blackman appealed to the circuit court, where the cause was tried by a jury. The jury returned a verdict that the contemplated change in the highway would not be of public utility, and assessing damages in favor of Halves at the sum of $464. Blackman then renewed his proposition to open and maintain the piece of new road, to be made necessary by the change, at his own expense, and moved the court that judgment accordingly be rendered in his favor, but his motion was overruled.

Afterward Blackman moved for a new trial, raising questions upon the evidence and upon certain instructions, some of which were given and others refused by the court, but that motion was also overruled, and judgment was rendered, refusing to grant the change of highway prayed for in the petition, and against Blackman for costs.

The first question with which we are confronted in this case is, had the appellant, after the jury had returned a verdict that the proposed change in the highway would not be a work of public utility, the right to demand an order of court granting him permission to make and maintain such proposed change at his own expense?

The 24th section of the act concerning highways, *supra*, provides, that, "If a majority of the viewers last named report against the public utility of such highway, the same shall not be established, unless the petitioners will open and maintain the same at their own expense."

This provision, we assume, has reference as well to cases in which a jury may have returned a verdict against the public utility of the proposed highway as to cases where viewers have reported against such public utility.

In the case of *Wild* v. *Deig*, 43 Ind. 455, it was held by this court, upon undoubted weight of authority, that no citizen of the State had the right to have a private way opened

and maintained, even at his own expense, over land owned by another person, against the consent of the owner. The principles governing the private rights of land-owners, recognized in that case, lead to what appears to us to be the inevitable conclusion, that no person has the right to open and maintain a highway over the land of another without his consent, where such highway has been found not to be of public utility. The right of eminent domain can only be invoked for the compulsory taking or the enforced appropriation of private property when some public exigency requires the exercise of that sovereign right. When a highway, petitioned for, has been found not to be needed for public use, it can not be said that any public exigency requires that it shall be opened and maintained.

In the case of *The Water Works Co.*, etc., v. *Burkhart*, 41 Ind. 364, it was said that "The right of eminent domain, that is, the ultimate right of the sovereign power to appropriate, not only the public property, but the private property of all the citizens within the territorial sovereignty, to public purposes, is inherent in the government; without this power, the State could not establish and open a highway of any kind." But it was also said in the same connection, that this right of eminent domain can only be exercised, when a public necessity for it has been declared by the Legislature, or by some proceeding instituted under legislative authority.

We are, consequently, constrained to hold that so much of section 24, quoted as above, as would seem to imply that, after a contemplated highway, or change in a highway, has been found not to be a work of public utility, it may nevertheless be opened or made and maintained by the petitioners at their own expense, is inoperative and void, as being in derogation of the constitutional rights of those whose lands might thereby be taken and appropriated, when not needed for public purposes.

Questions are raised upon the evidence relating to the

public utility of the desired change, but we see nothing in respect to that branch of the evidence, of which the appellant has reason to complain. There was evidence tending to show that such change was not demanded by any public necessity,. and hence enough to sustain the verdict upon that issue. Questions are also made upon certain evidence introduced, and upon an instruction given, touching the amount of damages to which the appellee would have been entitled in case the change had been ordered to be made.

The view we have taken of this case, as to the want of power in the court below to order the change, renders the question of damages wholly immaterial. We need not, therefore, inquire whether or not, in the abstract sense, the court ruled correctly on the question of damages.

The judgment is affirmed, with costs.