HENRY DOCTOR ET AL. V. FREDERICK HARTMAN ET AL.

1.  *Commissioners' Court—Jurisdiction.*—The Commissioners' Court is one of special limited jurisdiction, and although a court of record, its proceedings are purely statutory, and it possesses only such powers as are conferred by statute.

2.  *Reappointment of Viewers.*—The Board of Commissioners has no power to appoint viewers after those appointed have made a report adverse to the petition-ers, nor to set aside a judgment entered upon such adverse report.

3.  *Highway—Public Utility.*—A highway can not be opened unless of public utility, which fact is to be determined by the viewers; and such question of utility may be litigated by resident freeholders of the county.

4.  *Jurisdiction—Waiver.*—Objection was not waived by failure to question the jurisdiction on the first appearance.

Filed April 19, 1881.
Appeal from Allen.

Zollars & Zollars, for appellant, cited *Davis* v. *Perry et al.*, 43 Ind. 305; Buskirk's Prac. 171; *Hughes* v. *Sellers*, 34 Ind. 337; *Shoemaker*, auditor, v. *Board of Commissioners*, 36 Ind. 175; *Pal-mer* v. *Fuller*, 22 Ind. 115; *Daggy* v. *Coats*, 19 Ind. 259; *Railroad Co.* v. *Newsom*, 54 Ind. 121; *Shute* v. *Decker*, 51 Ind. 241; *Farmer* v. *Pauley*, 50 Ind. 583; *Hayes* v. *Campbell*, 17 Ind. 430; *Hughes* v. *Sellers*, 34 Ind. 337; *Scraper* v. *Pipes*, 59 Ind. 15; *McDonald* v. *Wilson*, 59 Ind. 54; *Leary* v. *Longsdale*, 35 Ind. 74; *Reams* v. *State*, 23 Ind. 111; *Cox* v. *Insurance Co.*, 24 Ind. 586, as to jurisdiction; *Thomas W. Sweeney* v. *Railroad Co.*, 59 Ind. 205; *Mallory* v. *Jef-fersonville*, 38 Ind. 198; *Keitsch* v. *Helm*, 38 Ind. 207; *McGoven* v. *Gilker*, 38 Ind. 233; *Jamison* v. *Commissioners*, 56 Ind. 466, as to effect of an appeal; *Daggy* v. *Green*, 12 Ind. 303; *Hedrick* v. *Hedrick*, 55 Ind. 78; *Peabody* v. *Sweet*, 3 Ind. 514, as to effect of motion to dismiss; *State* v. *Whitewater Co.*, 8 Ind. 320; *Railroad Co.* v. *Reimer*, 17 Ind. 135; *Rengle* v. *Beckle*, 17 Ind. 325; *Gage* v. *Clark*, 22 Ind. 163, and cases cited *supra;* the filing of remonstrance did not waive assignment of errors.

W. G. H. & T. W. Colerick, for appellees, cited 55 Ind. 430, 461; 5 Blackf. 325; 3 Ind. 457; 9 Ind. 490; 14 Ind. 166; 17 Ind. 75; 18 Ind. 303; 27 Ind. 345; 42 Ind. 134, 411; 45 Ind. 451; 7 Ind. 165; 8 Ind. 255; 19 Ind. 294, 259; 24 Ind. 454; 29 Ind. 354; 49

Ind. 234; 39 Ind. 369; 20 Ind. 270; 55 Ind. 278; 30 Ind. 261; 55 Ind. 540; 7 Ind. 165; 8 Ind. 255; 19 Ind. 259; 24 Ind. 454; 29 Ind. 354; 55 Ind. 78; 34 Ind. 334; 30 Ind. 364; 22 Ind. 201; 19 Ind. 259; 55 Ind. 278.

Opinion of the Court by Mr. Justice Elliott.

On the fourth day of the March term, 1874, of the board of commissioners of Allen county, the appellees petitioned for the location and opening of a highway.  Three viewers were appointed and directed to report at the June term.  On the fifth day of the June term the viewers reported against the opening of the road, and the commissioners entered an order approving the report and declaring that the proposed highway shall not be opened.  On the thirteenth day of the same term the board, upon the motion of the attorneys of the petitioners, and without notice to any one, set aside the former order, and appointed different viewers.  The former order was set aside, as the record recites, because one of the viewers was a brother-in-law to one of the parties interested, etc.  The viewers appointed under the order of the board setting aside the former order were directed to examine and make report, and in compliance with this order they did, on the thirteenth day of the September term of the commissioners' court, report in favor of opening the highway for which appellees had petitioned.  The appellants on the day this report was made filed a remonstrance, and the board again appointed viewers, and ordered them to report at the December term.  On the fourth day of the December term of the board, and prior to any report being filed by the viewers, the appellants filed a motion to dismiss the petition and proceedings.  The viewers appointed by the order of September 13th, made a report on the eleventh day of the December term, and on that day the appellants' motion to dismiss was overruled and an order entered directing the opening of the highway.

From the order of the board of commissioners directing the opening of the highway, the appellants appealed to the circuit court, where there was a trial by jury and a verdict and judgment in favor of the appellees.

The motion to dismiss the petition and proceedings made in the commissioners' court was reversed in the circuit court, was again overruled, and exception reserved.  Counsel for appellant

contend that when the commissioners entered judgment upon the report made by the viewers against the proposed highway, the petition was finally disposed of and the powers of the commissioners exhausted.

The commissioners' court, as is well known, is one of special limited jurisdiction, possessing only such powers as the statute confers. Not only is its jurisdiction restricted, but the mode of exercising the authority is a limited statutory one. It is true, as counsel for appellees assert, that it is a court of record, but it is also true as said in *Board* v. *Wright*, 22 Ind. 187, " that its organization and duties are purely statutory."

The statute does not, either in express terms, or by necessary implication, confer upon the board of commissioners power to appoint viewers after those appointed have made a report, adverse to the petitioners, and judgment has been entered approving the report. Authority is granted to appoint reviewers in two cases, and those cases are specially provided for by sections 19 and 23 of the highway law. In the first of the sections named provision is made for the appointment of reviewers in cases where the report is favorable to the highway, and any person over whose land the road will pass remonstrates. The second of the sections referred to makes provision for cases where freeholders of the county remonstrate against the opening of the highway. There are, therefore, but two cases in which authority to set aside the report of the viewers is conferred, and applying the familiar maxim, " *Expressio unius est exclusio alterius,*" we must hold that there are no others in which it can be implied.

The statute does not, in express words, declare what the commissioners shall do in cases where the report of the viewers is adverse to the petitioners for the opening of the highway, but we think that, taking all the provisions of the statutes together, the intention is that in such cases the commissioners shall act upon the report and deny the prayer of the petition.

If this is not so, then the report of the reviewers is of effect only in cases where it is favorable to the petitioners. If we adopt this view then we should be driven to the conclusion that the report of the viewers is nugatory in all cases where they reach a conclusion against the petitioners.

This would be an unreasonable construction of the statute, and one which would utterly destroy the whole statutory scheme for proceedings in highway cases. The report of the viewers against the highway must be deemed to be of some effect, or we should have the commissioners put in the situation of deciding against a proposed highway in very many cases, without any information or evidence as to the necessity or utility of the proposed highway. It is settled that unless a highway is of public utility it can not be opened across the lands of persons objecting, even though the petitioners are willing to open and maintain it at their own expense, and whether a highway is or is not of public utility, is a matter of which the commissioners are informed by the report of the viewers. *Blackman* v. *Hedges,* this term.

Many considerations combine in requiring us to hold that the report of the viewers is in all cases to be given effect, and that when adverse to the petitioners, the commissioners must take some action upon it. Some judgment must be pronounced.

If the commissioners had entered final judgment against remonstrants after the report of the reviewers, we suppose that there could be no question as to the effect of such a judgment. No authority is given to set it aside, and the only remedy afforded the aggrieved party is by appeal. It is difficult to perceive why this is not the rule in cases where the judgment is adverse to the petitioners.

The right to set aside final judgment is not an ordinary incident of the jurisdiction of courts of limited statutory jurisdiction. We can not annex the authority to set aside judgments to the powers expressly granted upon the ground that such a power is necessarily implied on the grant of the principal power. The principal power to adopt or reject the report of viewers and reviewers may be completely exercised without implying the power to set aside judgments formally entered of record. Nor can we, by implication, subjoin any such power to those expressly granted, for the express grant itself negatives the existence of the implied power to set aside judgments regularly pronounced and recorded. The judicial powers of a justice of the peace are more extensive than those of commissioners, and his court is one of record, yet it is well settled that a justice can not vacate a judgment except in the manner expressly provided by statute.

10

In *Forst* v. *Cuppin*, 35 Ind. 471, it was decided that "a justice of the peace has no power to change, vacate, or in any manner interfere with a judgment by him rendered " except in the manner provided by statute.  In *Smith* v. *Chandler*, 13 Ind. 513, it was held that a justice of the peace could only set aside a judgment in the manner expressly authorized by statute and if he assumed to do it in any other his acts would be absolutely void.   It has been several times held in Wisconsin that a justice of the peace must obey with strictness the requirements of the statute, and that he can only exercise the powers expressly conferred.   It was held, applying this general rule, that a justice has no power to postpone the trial of a cause, *Roberts* v. *Warner*, 3 Wisc. 736 ; *Brown* v. *Kellogg*, 17 Ind. 475 ; *Crandall* v. *Bacon*, 20 Ind. 67.   There are cases in our own reports illustrating the general rule and applying it to justices' courts, but we do not think it necessary to cite them.   It must be conceded that the courts of justices of the peace are endowed with larger judicial power than the courts of the county commissioners, and as the former do not possess the implied or incidental power to set aside or vacate judgments, it certainly can not be accorded to the latter.

The general doctrine which applies to the proceedings of the board of commissioners is well stated and applied in *White* v. *Conover*, 5 Blkf. 462.   It was there said:   " We conceive the law to be that when statutory powers are conferred upon a court of statutory jurisdiction and a mode of executing these powers is prescribed, the course pointed out must be pursued, or the judgments of the court are *coram non judice* and void."   This doctrine has been approved over and over again by this court.   We cite of the many cases, a few only, showing the application of this settled general principle: *Barnard* v. *Haworth*, 9 Ind. 104 ; *Amock* v. *English*, 34 Ind. 115 ; *Mossmer* v. *Forrest*, 27 Ind. 235 ; *Collins* v. *Frazier*, 27 Ind. 477.

In the *Board of Commissioners* v. *State, ex rel.*, 61 Ind. 75, it was held that the board of commissioners had no power to set aside a judgment upon the ground of fraud, the court saying: " The board of commissioners is a court of inferior and limited jurisdiction, and it can exercise such powers, and such only, as were conferred upon it."   It is true that in the case cited the applica-

tion to vacate was made after the close of the term; but this can make no difference, for if the right to set aside or vacate judgments is possessed by the commissioners' court as an incidental one, then it may as well be exercised after, as during, term time.

In *Bearss* v. *The City of Peru*, 55 Ind. 576, the same general principle is enforced, for it was there held that the order of the board of commissioners, made upon the petition of an incorporated city, praying for the annexation of contiguous territory, must embrace all of the lands included in the petition or it would be void.

In *Windman* v. *The City of Vincennes*, 58 Ind. 480, the same holding is made. In other States there are many cases illustrating the general rule which prevails in ours. Thus in *State* v. *Castle*, 44 Wisc. 671, it was held that passing over a petition for the opening of a highway for one session of the board, and adjourning beyond the time limited by law discontinued the proceedings.

In the *Inhabitants* v. *Commissioners*, 59 Me. 359, it was held that passing the petition over to a time different from that prescribed by law, ousted the jurisdiction of the board. The case of *Inhabitants of Braintree* v. *Commissioners*, 8 Cush. 546, holds that where commissioners, in laying out a highway, include in their order a condition which they have no power to make, they thereby render void the entire order.

It was held in *Shafer* v. *Borderer et al.*, 19 Ind. 294, that the court had no power to order a highway opened where the verdict found it to be not of public utility, and the same conclusion was reached at this term in the case of *Blackman* v. *Helgus*, *supra*, but upon different grounds.

The report of the viewers must be held to stand in the same relation to the board of commissioners as the verdict of the jury to the court, and it is the duty of the commissioners to pronounce judgment upon it, except in the cases where the statute provides differently. As the board possesses no power to grant new trials or vacate judgments, the commissioners must act upon the report of the viewers in entering judgment.

If the case is one where reviewers may be appointed, then the commissioners must adjudge that they be appointed; if the case is one where there is no power to appoint reviewers, then the judgment

must be a final one, opening or refusing to open the highway. The remedy of the aggrieved party is not by motion to vacate the judgment, but by appeal as provided in section 26 of the statute.

The conclusion that the board had no authority to vacate the judgment entered, refusing the prayer of the petition, seems to us to be clearly right, both upon principle and authority. In rendering the judgment it had exhausted the power with which the law had invested it, and it had no right to afterwards attempt to resume authority over the proceedings which the judgment had terminated.

The appellees contend that appellants waived objection by not questioning the jurisdiction upon their first appearance. We think otherwise. If the judgment rendered upon the petition terminated the authority and jurisdiction of the court, it was not within the power of the parties to reinvest the court with jurisdiction. Where the law denies to a court jurisdiction of the subject matter, parties can not confer it even by express consent.

There is another consideration which should not be lost sight of, and that is the right of resident freeholders of the county to remonstrate and litigate the question of the utility of the proposed highway. Section 23 of the statute concerning highways provides that freeholders of the county living along the line of the highway may remonstrate, and they are, therefore, entitled to litigate the question of the utility of the road, notwithstanding the fact that the proposed highway does not pass over their lands. Those who are aggrieved because their lands are taken can not by any act they may do, give jurisdiction; for all others similarly situated, as well as all resident freeholders along the line, have an interest in the subject matter of the litigation. The policy of the law is to secure notice to all who are interested and not to leave it in the power of some of the interested parties to confer jurisdiction by either tacit waiver or express consent. When the proceeding is terminated by judgment, the matter can only be again brought into court by commencing proceedings anew, or by appeal.

Other questions are discussed, but the conclusion at which we have arrived renders their consideration unnecessary.

Judgment reversed at costs of appellees.