## HUMRICHOUS *v.* THOMAS.

[No. 22,079.   Filed May 17, 1912.]

1. APPEAL.—*Record.*—*Necessity of Bill of Exceptions.*—Counter-affidavits tendered by the plaintiff in opposition to defendant's affidavit of nonresidence and motion for cost bond, which the court refused to receive, but ordered to be "filed by the clerk of said court, and to be made a part of the record in this cause," are properly in the record on appeal without a bill of exceptions, under §663 Burns 1908, §3 Acts 1903 p. 338.   p. 596.

2. STATUTES.—*Construction.*—*In Pari Materia.*—Section 616 Burns 1908, §589 R. S. 1881, providing for the filing of cost bonds by nonresident plaintiffs, and §7347 Burns 1908, Acts 1895 p. 319, making it the duty of clerks to ascertain if parties demanding to file pleadings are residents of Indiana, are *in pari materia* and should be construed together.   p. 596.

3. COSTS.—*Security.*—*Hearing and Determination of Motion.*—*Affidavits.*—*Case Overruled.*—Under §§616, 7347 Burns 1908, §589 R. S. 1881, Acts 1895 p. 319, the question of plaintiff's nonresi-

dence, raised by defendant's affidavit in support of his motion for cost bond, is a question of fact, and counter-affidavits thereto are admissible, and the case of *Smith* v. *Chandler* (1859), 13 Ind. 513, in so far as it holds a contrary doctrine is overruled. p. 599.

From Superior Court of Vigo County; *John E. Cox,* Judge.

Action by Columbus Humrichous against John W. Thomas. From an order dismissing the case for failure to give cost bond, the plaintiff appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Reversed.*

*Josiah T. Walker* and *Conley, Conley & Conley,* for appellant.

*Lamb, Beasley, Douthitt & Crawford,* for appellee.

SPENCER, J.—This is an action by Columbus Humrichous against John W. Thomas, to recover damages for the wrongful alienation of the affections of appellant's wife by the appellee. It was filed in the Vermillion Circuit Court, June 7, 1906, thereafter venued to the Parke Circuit Court, then venued to the Superior Court of Vigo County.

The case comes to this court upon an appeal from an order of court below dismissing the case for failure to give cost bond. The exact question raised by the appeal is as to whether or not counter-affidavits shall be considered upon a motion to require cost bond because of nonresidence.

On March 26, 1909, John W. Thomas executed the following affidavit, omitting caption: "John W. Thomas being first duly sworn upon his oath says: That he is the defendant in the above entitled cause; that the plaintiff in said cause, Columbus Humrichous, is not a resident of the State of Indiana, but is a nonresident of said state.

John W. Thomas.

Subscribed and sworn to this 26th day of March, 1909."

That on April 27, 1909, the defendant filed said affidavit with the clerk of the Superior Court of Vigo County, pre-

sented the same to the court, and "the defendant asks bond for costs."

On May 18, 1909, the plaintiff tendered and presented to the court, in opposition to the defendant's affidavit and motion to require plaintiff to give bond for costs, the affidavit of Columbus Humrichous, as follows, omitting caption: "Columbus Humrichous, being duly sworn upon his oath says, that he is the plaintiff in the above entitled cause; that he now is, on the 26th day of March, 1909, was, and for more than six months last past, has been a *bona fide* resident of the town of Cayuga, in the County of Vermillion and State of Indiana; that he was on the 30th day of March, 1909, and still is, a legal voter of the East Cayuga Precinct and in said town of Cayuga and as such voted at the local option election held in said Vermillion County, Indiana, on said date; that he is duly assessed for taxation in said town, works out his street tax in said town and pays his poll tax as a resident of said town; that he has been, continuously, since the bringing of this action, and for a number of years prior thereto, a *bona fide* resident of the State of Indiana, and that during said time has never resided anywhere else than in said State of Indiana.

Columbus Humrichous.

Subscribed and sworn to before me this 13th day of May, 1909.

[Seal]                         Milton W. Coffin, Notary Public.
My commission expires October 14, 1909."

Also the affidavits of thirty-two different citizens of Vermillion county, Indiana, each stating, in substance, that the affiant is acquainted with Columbus Humrichous, and that he was a *bona fide* resident and qualified voter of East Cayuga precinct, in Vermillion county, Indiana, on March 26, 1909. Some of these affidavits are made by officials, and show that Columbus Humrichous was assessed, was a taxpayer and voted in the town of Cayuga, Vermillion county, Indiana.

Humrichous *v.* Thomas—177 Ind. 593.

The plaintiff moved the court to receive, file and consider each of said affidavits in opposition to the motion and affidavit of defendant, thereupon the court refused to receive and consider said affidavits, or any one thereof, and ordered each of said affidavits "tendered as aforesaid, filed by the Clerk of said court, and to be made a part of the record in this cause," sustained defendant's motion for an order requiring the plaintiff to give bond for costs, and that the same be filed on or before June 7, 1909. On June 9, 1909, the cause was dismissed by order of the "court upon motion of the defendant for failure of plaintiff to give the cost bond as required, and that plaintiff take nothing by this action, and defendant recover of and from the plaintiff, his costs in this action taxed at $————, and plaintiff at the time excepts."

From this judgment, the cause is appealed.

The counter-affidavits were, by order of court, entered of record, and are properly in the record without a bill
1.  of exceptions. §663 Burns 1908, Acts 1903 p. 338, §3.
Section 616 Burns 1908, §589 R. S. 1881, provides, in substance, that plaintiffs who are not residents of this State, before commencing any action, shall file in the
2.  office of the clerk a cost bond, but the suit shall not be dismissed for want thereof, if plaintiff will file in open court, on being ordered to do so, such undertaking, etc.

The requirements of §7347 Burns 1908, Acts 1895 p. 319, that a clerk shall ascertain if parties demanding to file pleadings or have process issued are residents of Indiana, and if not, he shall refrain from filing pleadings or issuing process until an undertaking for costs to his approval is filed, and which makes him liable for costs incurred, upon his failure, and "that, in ascertaining such residence, the affidavit of the party or his attorney shall be sufficient justification for the clerk," should be construed together.

"All courts shall be open and every man, for injury done him in his person, property, or reputation, shall have rem-

edy by due course of law. Justice shall be administered freely and without purchase; completely and without denial; speedily and without delay.'' Const., Art. 1, §12.

Counsel for appellee, by their able and exhaustive brief, earnestly· insist that ''in determining the question as to whether or not the appellant was a resident of the State of Indiana, it was proper for the court to consider the affidavit of appellee, *and no counter-affidavits were admissible on that question.*'' Citing in support thereof, *Scott* v. *Mortsinger* (1833), 3 Blackf. *189, and *Smith* v. *Chandler* (1859), 13 Ind. 513.

Upon an analysis of these cases, we cannot see where they justify the conclusion, ''no counter-affidavits were admissible on that question.'' In the case of *Scott* v. *Mortsinger, supra,* the affidavit was filed under §13, Chap. 78, Revised Laws of Indiana, adopted and enacted at the fifteenth session of the General Assembly, Revised Laws of Indiana 1831, 402. That act provided that a nonresident shall file with the clerk a bond with security for the payment of all costs, and ''* * * whenever hereafter any action may be * * * pending in any circuit court * * * and the defendant * * * shall * * * file his * * * affidavit, that he * * * verily believe that such plaintiff * * * have no just cause of action, claim or demand against the said defendant * * * and that they * * * do not expect to be able to recover or realize * * * the costs that will or may be adjudged to them in said action, the circuit court * * * shall be authorized in their discretion, to exact from such plaintiff * * * security for costs, in the same manner as if said plaintiff * * * were a non-resident.''

In the case just cited the court said: ''The defendant moved that the plaintiff should give security for costs, and founded his motion on an affidavit (under the statute of 1831), that the plaintiff was a nonresident, had no just cause of action, etc. Held, that, on motions of this kind,

there should be no examination of witnesses *viva voce,* nor any supplementary or counter-affidavits. 1 Arch. Pr. §66; *Lewis* v. *Breckenridge* [1 Blackf. 112], May Term 1821.''

An examination of the last cited case discloses that the court in that case held on page 115: ''An affidavit to hold to bail is a component part of the process, used for the purpose of bringing the defendant into court.'' ''Where the process is returnable, upon proper application, made in due time, the plaintiff may be required to show the cause of action and arrest; if this is *prima facie* sufficient; and the defendant, without going into the merits, cannot show himself legally excused from arrest; the rule to show cause will be discharged. No supplementary or counter-affidavits should be introduced, nor any evidence relative to the merits of the cause,'' etc.   That the affidavit referred to was relative to the merits of the action is apparent.   And so in *Scott* v. *Mortsinger, supra,* that the affidavit had reference to ''no just cause of action'' can be as readily seen, and thereby was addressed to the merits of the action, and these cases hold that no counter-affidavits are admissible as to the merits of the action in which they are filed.

In the case of *Smith* v. *Chandler, supra,* we find that ''an affidavit was filed by Dean, averring that plaintiff has told this defendant, a number of times, that his residence is in the State of Iowa, but does not aver that, in fact, his residence is without the state.   The plaintiff offered to file counter-affidavits, showing his residence was in this state. The court refused to permit him to file said affidavits, and ordered him to give security for costs.   *   *   *   We think the ruling of the court below was right, in refusing to receive counter-affidavits, but was wrong in making the order upon the affidavit of Dean.   The affidavit does not show that the residence of the plaintiff was out of the state; it does not even state that the affiant believed it to be so.''

We think the decision of this court was erroneous in the above case, in so far as it held that there was no error

in refusing to receive counter-affidavits; and to that extent it is hereby overruled.

"The rule upon the plaintiff to show cause why he should not give security for costs, was properly discharged by the court on the counter-affidavit of the plaintiff; that should have as much weight with the court as the defendant's affidavit." *Hamilton* v. *Dunn* (1859), 22 Ill. 259, 260. See, also, *Illinois Southern R. Co.* v. *Hamill* (1907), 80 N. E. (Ill.) 745; *Newcombe* v. *City of Moncton* (1892), 31 New Brunswick 386.

Therefore, construing §§616, 7347 Burns 1908, as in *pari materia,* we think the question of the nonresidence of the plaintiff was a question of fact raised by the affidavit of the defendant, and as the counter-affidavits tendered and offered to the court by the plaintiff addressed themselves to the question of fact, and were not addressed to the merits of the cause of action, they were admissible, and should have been considered by the court in passing on the question as to whether appellant was a nonresident of the State of Indiana.

For the reasons here given, judgment reversed, with instructions for further proceedings not inconsistent with this opinion.

Note.—Reported in 98 N. E. 419. See, also, under (1) 2 Cyc. 1075; (2) 36 Cyc. 1147; (3) 1913 Cyc. Ann. 1196.